# 14-4035-cr

## United States Court of Appeals

### for the

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

RYAN STAPLES,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK (SYRACUSE)

## APPENDIX

UNITED STATES ATTORNEY'S OFFICE
 FOR THE NORTHERN DISTRICT
 OF NEW YORK
BY: STEVEN DAVID CLYMER, AUSA
*Attorneys for Appellee*
100 South Clinton Street
Syracuse, New York 13261
(315) 448-0672

LAW OFFICE OF JOHN S. WALLENSTEIN
*Attorneys for Defendant-Appellant*
1100 Franklin Avenue, Suite 100
Garden City, New York 11530
(516) 742-5600

i

# Table of Contents

**Page**

District Court Docket Entries ........................................................ A-1

Indictment, Dated November 20, 2013 ...................................... A-8

Plea Agreement, Filed May 1, 2014 ........................................... A-13

Transcript of Change of Plea Hearing Held before the
    Honorable Thomas J. McAvoy, Dated May 1, 2014 .............. A-34

Government's Sentencing Memorandum,
    Dated September 23, 2014 ...................................................... A-59

Defendant's Sentencing Memorandum,
    Dated September 25, 2014 ...................................................... A-68

Transcript of Sentencing Proceeding Held before the
    Honorable Thomas J. McAvoy, Dated October 14, 2014 ....... A-75

Judgment of the United States District Court for the Northern
    District of New York, Filed October 22, 2014,
    Appealed From ....................................................................... A-94

Notice of Appeal, Filed October 23, 2014 ................................. A-100

A-1

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1] (Plattsburgh)
# CRIMINAL DOCKET FOR CASE #: 8:13-cr-00440-TJM-1

Case title: USA v. Staples          Date Filed: 11/20/2013

Magistrate judge case number: 8:13-mj-00517-LAK      Date Terminated: 10/22/2014

---

Assigned to: Senior Judge Thomas J. McAvoy

**Defendant (1)**

| | |
|---|---|
| **Ryan Staples**<br>*TERMINATED: 10/22/2014* | represented by **Ryan Staples**<br>c/o Rensselaer County Jail<br>4000 Main Street<br>Troy, NY 12180<br>PRO SE<br><br>**Mark E. Anderson**<br>Anderson, Soloski Law Firm<br>P.O. Box 2723<br>Plattsburgh, NY 12901<br>518-562-8383<br>Fax: 518-562-8384<br>Email: manderson@andersonsoloski.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F - Production of child pornography<br>(1-3) | Deft committed to BOP custody for a term of imprisonment of 360 months of each of cts 1, 2 & 3 w/ such cts to run consecutively to each other for a total term of imprisonment of 1,080 months. Forfeiture ordered as directed. Supervised Release of LIFE. Special Conditions imposed. Total Special Assessment $300.00 ordered due. No fine and/or add'l costs imposed. |

**Highest Offense Level (Opening)**

Felony

**A-2**

| **Terminated Counts** | **Disposition** |
|---|---|

**Terminated Counts**

18:2252A.F - Possession of child
pornography
(4)

**Disposition**

Dismissed upon Govt motion

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

18:2252A.F - Activities re Material
Constituting/containing Child Porno

---

**Plaintiff**

**USA**                           represented by  **Katherine E. Kopita**
Office of United States Attorney -
Plattsburgh
14 Durkee Street
Room 340
Plattsburgh, NY 12901
518-314-7800
Fax: 518-314-7811
Email: katherine.kopita@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Gwendolyn E. Carroll**
Office of the United States Attorney -
Syracuse
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198
315-448-0672
Fax: 315-448-0954
Email: gwendolyn.e.carroll@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2013 | 1 | COMPLAINT as to Ryan Staples (1). (lb, ) [8:13-mj-00517-LAK] (Entered: 10/25/2013) |
| 10/24/2013 |  | Minute Entry (FTR Recorded 5:10 pm 5:25 pm) for proceeding held before Magistrate Judge Larry A. Kudrle: Initial Appearance as to Ryan Staples held on October 24, 2013. APP: AUSA Katie Kopita appearing for the Government. |

**A-3**

| | | |
|---|---|---|
| | | Defendant advised of rights, maximum penalty stated and given copy of Criminal Complaint which was signed prior to coming on the record. Defendant is questioned regarding financial situation and found eligible for a Court appointed attorney. Detention Hearing scheduled for October 29, 2013 at 3:30 pm in Plattsburgh. Defendant advised of right to a Preliminary Hearing. Defendant REMANDED to custody of the U.S. Marshal. (Court Reporter lb) (lb, ) [8:13-mj-00517-LAK] (Entered: 10/25/2013) |
| 10/24/2013 | 2 | ORDER OF DETENTION as to Ryan Staples Detention Hearing set for 10/29/2013 at 03:30 PM in Plattsburgh before Magistrate Judge Larry A. Kudrle.. Signed by Magistrate Judge Larry A. Kudrle on 10/24/2013. (lb, ) [8:13-mj-00517-LAK] (Entered: 10/25/2013) |
| 10/25/2013 | 3 | CJA 20 Appointment of Attorney Mark E. Anderson for Ryan Staples. Refer to the Court's website:http://www.nynd.uscourts.gov/cja.cfm for comprehensive information relating to court appointed representation. Attorneys are reminded that CJA vouchers are to be submitted to the court no later than 45 days after the final disposition of the case, unless good cause is shown. Please refer to Appendix II of the CJA Plan (Guidelines for Submitting Claims for Reimbursement Pursuant to the Criminal Justice Act of the Northern District of New York). Signed by Magistrate Judge Larry A. Kudrle on 10/25/2013. (lb, ) [8:13-mj-00517-LAK] (Entered: 10/25/2013) |
| 10/29/2013 | | Minute Entry (FTR Recorded 3:35 pm 4:00 pm) for proceeding held before Magistrate Judge Larry A. Kudrle: Detention Hearing as to Ryan Staples held on October 29, 2013. APP: AUSA Katie Kopita for the Government, Mark Anderson, attorney for Ryan Staples. Attorneys provided with copy of Pretrial Services Report. Government recommends detention due to danger to the community and risk of flight. Defense argues for release on conditions. Preliminary Hearing scheduled for November 7, 2013 at 3:30 pm. After a review of the factors as stated on the record, the Defendant is ordered detained and remanded to the custody of the U.S. Marshal. (Court Reporter lb) (lb, ) [8:13-mj-00517-LAK] (Entered: 10/30/2013) |
| 10/29/2013 | 4 | ORDER OF DETENTION PENDING TRIAL as to Ryan Staples. Signed by Magistrate Judge Larry A. Kudrle on 10/29/2013. (lb, ) [8:13-mj-00517-LAK] (Entered: 10/30/2013) |
| 10/29/2013 | | TEXT NOTICE OF HEARING as to Ryan Staples PRELIMINARY HEARING set for 11/7/2013 at 03:30 PM in Plattsburgh before Magistrate Judge Larry A. Kudrle. (lb, ) [8:13-mj-00517-LAK] (Entered: 10/30/2013) |
| 11/05/2013 | | TEXT NOTICE OF HEARING as to Ryan Staples Preliminary Hearing adjourned at the request of Defendant's attorney to 11/21/2013 at 03:30 PM in Plattsburgh before Magistrate Judge Larry A. Kudrle. (lb, ) [8:13-mj-00517-LAK] (Entered: 11/05/2013) |
| 11/06/2013 | 5 | NOTICE OF ATTORNEY APPEARANCE: Mark E. Anderson appearing for Ryan Staples (Anderson, Mark) [8:13-mj-00517-LAK] (Entered: 11/06/2013) |
| 11/06/2013 | 6 | Letter from Mark Anderson as to Ryan Staples requesting adjournment of preliminary hearing (Anderson, Mark) [8:13-mj-00517-LAK] (Entered: 11/06/2013) |

| | | |
|---|---|---|
| 11/20/2013 | | Minute Entry for proceedings held before Magistrate Judge Larry A. Kudrle:GRAND JURY makes a partial report and returns Indictment. Tally Sheet is ordered sealed. (Court Reporter Ann Whiting) (lb, ) (Entered: 11/20/2013) |
| 11/20/2013 | 7 | INDICTMENT as to Ryan Staples (1) count(s) 1-3, 4. (lb, ) (Main Document 7 replaced on 11/22/2013) (lb, ). (Entered: 11/20/2013) |
| 11/20/2013 | | TEXT NOTICE OF HEARING as to Ryan Staples Arraignment set for 11/21/2013 at 03:30 PM in Plattsburgh before Magistrate Judge Larry A. Kudrle. (lb, ) (Entered: 11/20/2013) |
| 11/21/2013 | | Minute Entry (FTR Recorded 4:00 pm - 4:05 pm ) for proceeding held before Magistrate Judge Larry A. Kudrle: Arraignment on Indictment Count 1, 2, 3 and 4 as to Ryan Staples held on November 21, 2013. APP: AUSA Katie Kopita for the Government, Mark Anderson, Esq., attorney for defendant. Defense waives a formal reading of the Indictment and enters plea of not guilty to Count 1, 2, 3 and 4 of the Indictment. Criminal Pretrial Scheduling Order issued and copies given to attorneys. Defendant to remain in the custody of the U.S. Marshal pending trial (Court Reporter lb) (lb, ) (Entered: 11/22/2013) |
| 11/21/2013 | 8 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Ryan Staples Motions to be filed by 12/19/2013. Jury Trial set for 1/7/2014 at 10:00 AM in Albany before Senior Judge Thomas J. McAvoy.. Signed by Magistrate Judge Larry A. Kudrle on 11/21/2013. (lb, ) (Entered: 11/22/2013) |
| 12/02/2013 | 9 | NOTICE OF ATTORNEY APPEARANCE Gwendolyn E. Carroll appearing for USA *for the forfeiture aspect of the case*. (Carroll, Gwendolyn) (Entered: 12/02/2013) |
| 12/19/2013 | 10 | STIPULATION & ORDER TO CONTINUE under Ends/Justice as to Ryan Staples excluding 60 days from date/order up to & including 2/16/2014; and, resetting MOTION FILING DDL to 2/14/2014 w/ motions t/b/m returnable at 3/28/2014 Binghamton Motion Calendar; and, resetting JURY TRIAL for 3/11/2014 at 10:00 AM in ALBANY, NY before Sr. Judge Thomas J. McAvoy; Signed by Sr. District Judge Thomas J. McAvoy dtd 12/19/2013 (cml) (Entered: 12/19/2013) |
| 02/20/2014 | 11 | STIPULATION & ORDER TO CONTINUE under Ends/Justice as to Ryan Staples excluding time from date/order up to & including 4/20/2014; and, resetting MOTION FILING DDL to 4/21/14 w/ motions t/b/m returnable at 5/23/14 Binghamton Motion Calendar; and, resetting JURY TRIAL for 5/13/14 at 10:00 AM in ALBANY, NY before Sr. Judge Thomas J. McAvoy; Signed by Sr. District Judge Thomas J. McAvoy dtd 2/20/2014 (cml) (Entered: 02/21/2014) |
| 04/08/2014 | | TEXT ONLY NOTICE as to Ryan Staples setting IN-PERSON CHANGE OF PLEA HEARING for 4/21/2014 at 11:30 AM in ALBANY, NY before Sr. District Judge Thomas J. McAvoy (cml) (Entered: 04/08/2014) |
| 04/17/2014 | | TEXT ONLY NOTICE as to Ryan Staples resetting IN-PERSON CHANGE OF PLEA HEARING for 5/01/2014 at 11:30 AM in ALBANY, NY before Sr. District Judge Thomas J. McAvoy (cml) (Entered: 04/17/2014) |

**A-5**

| 05/01/2014 | 12 | PLEA AGREEMENT as to Ryan Staples (cml) (Entered: 05/02/2014) |
|---|---|---|
| 05/01/2014 | | Minute Entry: CHANGE OF PLEA HEARING as to Ryan Staples held 5/01/2014 before Sr. District Judge Thomas J. McAvoy in Albany, NY: APP: AUSA Katherine Kopita for Govt; Mark Anderson, Esq. for Deft; CR: L. Tennyson; CRD/mp. Deft present in open court w/ counsel. Deft enters change of plea of GUILTY to cts 1 thru 3 of Indictment & admits forfeiture allegation; Court accepts plea. PSR ordered. SENTENCING s/f 9/11/2014 at 9:30 AM in Albany, NY. Deft remanded to USM. (cml) [ 11:30a - 12:00p ] (Entered: 05/02/2014) |
| 05/02/2014 | 13 | GUIDELINE ORDER as to Ryan Staples setting SENTENCING for 9/11/2014 at 9:30 AM in ALBANY, NY before Sr. Judge Thomas J. McAvoy. Govt & Defense Sentencing Memos due 8/21/2014; Signed by Sr. District Judge Thomas J. McAvoy dtd 5/02/2014 (cml) (Entered: 05/02/2014) |
| 05/05/2014 | 14 | Letter from Gwendolyn E. Carroll as to Ryan Staples requesting that the Proposed Preliminary Order of Forfeiture be signed and filed and copies returned (Attachments: # 1 Proposed Order/Judgment Preliminary Order of Forfeiture) (Carroll, Gwendolyn) (Entered: 05/05/2014) |
| 05/19/2014 | 15 | PRELIMINARY ORDER DIRECTING FORFEITURE OF PROPERTY: as to Ryan Staples. Signed by Senior Judge Thomas J. McAvoy on 5/16/2014. {Certified copies provided to Gwendolyn E. Carroll, AUSA} (jmb) (Entered: 05/19/2014) |
| 06/23/2014 | 16 | SERVICE by Publication of Notice of Publication; Last publication date 6/19/14 in the government's internet website: www.forfeiture.gov. Claim deadline: 7/20/2014,filed by USA (Carroll, Gwendolyn) (Entered: 06/23/2014) |
| 07/23/2014 | 17 | Letter from Katherine Kopita as to Ryan Staples requesting adjournment of sentencing (Kopita, Katherine) (Entered: 07/23/2014) |
| 07/23/2014 | 18 | PRESENTENCE INVESTIGATION REPORT - INITIAL DISCLOSURE [LODGED] as to Ryan Staples. The Presentence Investigation Report in this matter is now available for review. Any objections to the report shall be served on the Probation Office within 14 days of this notice, by mailing a hard copy to the Probation Office. Please contact the probation officer who prepared the report if you have any questions.[**This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.**] (bam2, ) (Entered: 07/23/2014) |
| 07/24/2014 | 19 | Letter from Mark Anderson as to Ryan Staples requesting consent to adjournment of sentencing (Anderson, Mark) (Entered: 07/24/2014) |
| 07/30/2014 | 20 | TEXT ONLY ORDER as to Ryan Staples GRANTING Govt's 17 Letter Request & resetting SENTENCING for 10/14/2014 at 2:30 PM in ALBANY, NY before Sr. Judge Thomas J. McAvoy. Govt & Defense Sentencing Memos due by 9/23/2014; Authorized on 7/30/2014 by Sr. District Judge Thomas J. McAvoy (cml) [ CRD traditionally served upon notice only party Franklin County |

CM/ECF LIVE - U.S. District Court - NYND

| | | Surrogate & Family Court ] (Entered: 07/30/2014) |
|---|---|---|
| 07/30/2014 | 21 | PROCESS RECEIPT AND RETURN of Department of the Treasury, Immigration and Customs Enforcement/HSI Returned executed on 6/19/14 serving potential 3rd party claimants with copies of the Notice of Forfeiture and the Preliminary Order of Forfeiture filed by USA (Carroll, Gwendolyn) (Entered: 07/30/2014) |
| 08/01/2014 | 22 | STATUS REPORT *notifying the Court that pursuant to Rule 32.2(b)(4)(A) and the fact that no ancillary claims have been filed the Preliminary Order of Forfeiture has become the Final Order, and no separate final order will be presented* by USA as to Ryan Staples (Carroll, Gwendolyn) (Entered: 08/01/2014) |
| 09/15/2014 | 23 | PRESENTENCE INVESTIGATION REPORT - FINAL DISCLOSURE [LODGED] as to Ryan Staples. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (bam2, ) (Entered: 09/15/2014) |
| 09/23/2014 | 24 | SENTENCING MEMORANDUM by USA as to Ryan Staples (Kopita, Katherine) (Entered: 09/23/2014) |
| 09/25/2014 | 25 | SENTENCING MEMORANDUM by Ryan Staples (Anderson, Mark) (Entered: 09/25/2014) |
| 10/14/2014 | 26 | Minute Entry: SENTENCING of Ryan Staples held 10/14/2014 before Sr. District Judge Thomas J. McAvoy in Albany, NY on counts 1, 2 & 3 of Indictment (cml) (Entered: 10/21/2014) |
| 10/22/2014 | 27 | JUDGMENT as to Ryan Staples on cts 1 thru 3 of Indictment -- Deft committed to BOP custody for a term of imprisonment of 360 months of each of cts 1, 2 & 3 w/ such cts to run consecutively to each other for a total term of imprisonment of 1,080 months. Forfeiture ordered as directed. Supervised Release of LIFE. Special Conditions imposed. Total Special Assessment $300.00 due immediately. No fine and/or add'l costs imposed. Remaining ct 4 dismissed; Signed by Sr. District Judge Thomas J. McAvoy dtd 10/22/2014 (cml) (Entered: 10/22/2014) |
| 10/22/2014 | | NOTICE as to Ryan Staples - Attorney Mark Anderson appointed pursuant to the Criminal Justice Act is reminded that CJA Vouchers are to be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. Refer to the Court's website:http://www.nynd.uscourts.gov/criminal-justice-act for comprehensive information relating to court appointed representation. (cml) (Entered: 10/22/2014) |
| 10/22/2014 | 28 | STATEMENT OF REASONS [LODGED] as to Ryan Staples **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is** |

   （）

| | | |
|---|---|---|
| | | prohibited.] (dictplp, ) (Entered: 10/22/2014) |
| 10/23/2014 | 29 | TRANSCRIPT REQUEST: filed by Ryan Staples, Pro Se for proceedings held on 5/1/2014 (Change of Plea) and 10/14/2014 (Sentencing) before Judge Thomas J. McAvoy with Lisa Tennyson. (jmb) (Entered: 10/24/2014) |
| 10/23/2014 | 30 | NOTICE OF APPEAL: filed by Ryan Staples, Pro Se appealing the # 27 Judgment. No filing fee submitted, defendant was assigned CJA counsel, fee waived. (Attachments: # 1 Cover Letter & Mailing Envelope)(jmb) (Entered: 10/24/2014) |
| 10/24/2014 | 31 | ELECTRONIC NOTICE AND CERTIFICATION: as to Ryan Staples sent to US Court of Appeals regarding the #30 Notice of Appeal - Final Judgment. (jmb) {Copy sent to pro se defendant by regular mail} (Entered: 10/24/2014) |
| 11/10/2014 | 33 | Mail Returned as Undeliverable: regarding service of the #31 Electronic Notice and Certification to USCA of Appeal sent to Ryan Staples at the last known address information of c/o Rensselaer County Jail, 4000 Main Street, Troy, New York 12180. Envelope marked "Return to Sender - Attempted - Not Known" (jmb) (Entered: 11/14/2014) |
| 11/13/2014 | 32 | RESPONSE (INVOICE) TO TRANSCRIPT REQUEST by Ryan Staples. (lt, ) (Entered: 11/13/2014) |
| 12/05/2014 | | Invoice regarding transcript mailed to Ryan Staples returned as undeliverable. (lt, ) (Entered: 12/05/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/04/2015 16:05:18 | | | |
| PACER Login: | at0090:2508629:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:13-cr-00440-TJM |
| Billable Pages: | 6 | Cost: | 0.60 |

**A-8**



U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

NOV 20 2013

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Plattsburgh

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

**v.**

**RYAN STAPLES,**

      **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal No. 8:13-CR-440(TJM)

**Indictment**

<u>Violations</u>:
18 U.S.C. § 2251
[Production of Child Pornography]; 18
U.S.C. § 2252A(a)(5)(B) [Possession of
Child Pornography]

4 Counts

County of Offense: Franklin

## THE GRAND JURY CHARGES:

### COUNT 1
[Production of Child Pornography]

In or about July 2010, in Franklin County in the Northern District of New York, the defendant, **RYAN STAPLES**, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce; and when such visual depictions were produced and transmitted using materials that had been shipped and transported in and affecting such commerce by any means, including by computer; and when such visual depictions were actually transported and transmitted using a means and facility of such commerce and in and affecting such commerce, in that, defendant **RYAN STAPLES** employed, used, persuaded, induced, enticed, and coerced a minor male with the initials ___., born in 2000, to engage in sexually explicit conduct; took

digital images of such conduct; and transferred and transmitted the visual depictions of such conduct to a computer manufactured outside of the United States so that they could be published and viewed.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT 2
### [Production of Child Pornography]

In or about September 2010, in Franklin County in the Northern District of New York, the defendant, **RYAN STAPLES**, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce; and when such visual depictions were produced and transmitted using materials that had been shipped and transported in and affecting such commerce by any means, including by computer; and when such visual depictions were actually transported and transmitted using a means and facility of such commerce and in and affecting such commerce, in that, defendant **RYAN STAPLES** employed, used, persuaded, induced, enticed, and coerced a minor male with the initials        , born in 1996, to engage in sexually explicit conduct; took digital images of such conduct; and transferred and transmitted the visual depictions of such conduct to a computer manufactured outside of the United States so that they could be published and viewed.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

2

A-10

## COUNT 3
### [Production of Child Pornography]

In or about October 2010, in Franklin County in the Northern District of New York, the defendant, **RYAN STAPLES**, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce; and when such visual depictions were produced and transmitted using materials that had been shipped and transported in and affecting such commerce by any means, including by computer; and when such visual depictions were actually transported and transmitted using a means and facility of such commerce and in and affecting such commerce, in that, defendant **RYAN STAPLES** employed, used, persuaded, induced, enticed, and coerced a minor male with the initials        , born in 1999, to engage in sexually explicit conduct; took digital images of such conduct; and transferred and transmitted the visual depictions of such conduct to a computer manufactured outside of the United States so that they could be published and viewed.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT 4
### [Possession of Child Pornography]

On or about October 24, 2013, in Franklin County in the Northern District of New York, the defendant, **RYAN STAPLES**, did knowingly possess material that contained images of child pornography that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting such commerce by any means, including by computer,

3

and that was produced using materials that had been shipped and transported in and affecting interstate and foreign commerce  by any means, including by computer, in that defendant **RYAN STAPLES** knowingly possessed (1) a Dell Dimension 4600 desktop computer, serial number 40HY941, and (2) a homebuilt Azza Ibuy Power desktop computer, serial number 2290-8C6B-S262-4179, each containing images of actual minors engaged in sexually explicit conduct, which images were obtained and accessed using the internet and electronic mail, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  That violation involved prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

## Forfeiture Allegation

1.   The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253(a).

2.   Pursuant to Title 18, United States Code, Section 2253(a), upon conviction of an offense in violation of Title 18, United States Code, Section 2251(a), 2252A(a)(2), and 2252A(a)(5)(B), the defendant, **RYAN STAPLES,** shall forfeit to the United States, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations alleged in Counts 1 through 4 of this Indictment.

3.   The property to be forfeited includes, but is not limited to the following:

     a.   Dell Dimension 4600 desktop computer, serial number 40HY941; and

     b.   Azza Ibuy Power desktop computer, serial number 2290-8C6B-S262-4179.

4

**Substitute Assets**

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 2253(a) to seek forfeiture of any other property of the defendant up to the value of the forfeiture judgment.

Dated:  November 20, 2013                         A TRUE BILL,

RICHARD S. HARTUNIAN
United States Attorney
                                                  Grand Jury Foreperson
By: _____ for
     Katherine Kopita
     Assistant United States Attorney
     Bar Roll No. 517944

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   8:13-CR-440 (TJM) |
| | ) | |
| **v.** | ) | **Plea Agreement** |
| | ) | |
| **RYAN STAPLES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

MAY 0 1 2014

AT_____O'CLOCK_____

Lawrence K. Baerman, Clerk - Bing.

The United States of America, by and through its counsel of record, the United States

Attorney for the Northern District of New York, and defendant **RYAN STAPLES** (hereinafter

"the defendant"), by and through the defendant's counsel of record, hereby enter into the

following plea agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal

Procedure:

1)      **The Defendant's Obligations:**

   a) **Guilty Plea:** The defendant will change the defendant's previously-entered plea of "not

   guilty" and plead guilty to Counts 1, 2, and 3 of the indictment in Case No. 8:13-CR-440

   (TJM) charging production of child pornography, in violation of 18 U.S.C. §§ 2251(a)

   and (e).

   b) **Special Assessment:**   The defendant will pay an assessment of $100 per count of

   conviction pursuant to 18 U.S.C. § 3013.   The defendant agrees to deliver a check or

   money order to the Clerk of the Court in the amount of $300, payable to the U.S. District

   Court, at the time of sentencing.

   c) **Compliance with Other Terms of Agreement:** The defendant will comply in a timely

   manner with all of the terms of this plea agreement.

   d) **Restitution:**  The defendant will consent to an order pursuant to 18 U.S.C. §2259(b) directing the defendant to pay the victims the full amount of the victims' losses.

   e) **Forfeiture:** Pursuant to 18 U.S.C. § 2253(a) and 21 U.S.C. § 853(p), the defendant will consent to entry of an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the indictment described above, or to any substitute assets, or to a money judgment, all as more fully set out below:

     (1) Dell Dimension 4600 desktop computer, serial number 40HY941

     (2) Azza Ibuy Power desktop computer, serial number 2290-8C6B-S262-4179

2)    **The Government's Obligations:**

   a) **Dismissal of remaining charges:** Upon imposition of a sentence consistent with the terms of this agreement, the government will move to dismiss all charges against the defendant in Case No. 8:13-CR-440 (TJM) other than those to which the defendant pled guilty pursuant to this agreement and on which the Court imposed sentence.  Such dismissal will be without prejudice, permitting the government to seek reinstatement of any and all of those charges if the guilty plea and sentence do not remain in effect.

   b) **Non-prosecution for other offenses:** For so long as the defendant's guilty plea and the sentence remain in effect, the government will not seek other federal criminal charges against the defendant based on conduct described in the indictment in Case No 8:13-CR-440 (TJM) and/or in the paragraph of this agreement entitled "Factual Basis for Guilty Plea," occurring before the date on which the defendant signs this agreement.  This agreement does not prevent the government from seeking charges based on other conduct.

c) **Compliance with Other Terms of Agreement:** The government will comply in a timely manner with all of the terms of this plea agreement.

3) **Potential Maximum Penalties:** The defendant understands that the Court can impose the following maximum penalties for each count to which the defendant agrees to plead guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

**COUNTS 1, 2, AND 3**

a) **Maximum term of imprisonment:** 30 years for each count, pursuant to 21 U.S.C. § 2251(e).

b) **Mandatory minimum term of imprisonment:** 15 years for each count, pursuant to 21 U.S.C. § 2251(e).

c) **Maximum fine:** $250,000 for each count, pursuant to 18 U.S.C. § 3571.

d) **Supervised release term:**  In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment.  See 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 3 years.

e) **Required Registration for Sex Offenders:**  Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to

3

prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment. Further, if the defendant, while on supervised release, commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, of Title 18 for which imprisonment for a term longer than 1 year can be imposed, the court will revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years on the violation.

    f) **Other adverse consequences:**  Other adverse consequences may result from the defendant's guilty plea as further described in paragraph F below.

4)   <u>**Elements of Offense(s):**</u> The defendant understands that the following are the elements of the offenses to which the defendant agrees to plead guilty.  The defendant admits that the defendant's conduct satisfies each and every one of these elements.  The elements for each count are the same.

    a) First, that the defendant employed, used, persuaded, induced, enticed and coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    b) Second, that the victim was a minor; and,

    c) Third, that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

5)   <u>**Factual Basis for Guilty Plea:**</u> The defendant admits the following facts, that those facts demonstrate the defendant's guilt for the offenses to which the defendant is pleading guilty, and that there are no facts establishing a viable defense to those offenses:

4

a) On October 24, 2013, HSI agents executed a search warrant at the defendant's residence in the Northern District of New York.  Agents seized various electronics from the residence in accordance with the search warrant.

b) At the defendant's residence, agents previewed the defendant's Dell Dimension 4600 Tower desktop computer hard drive.  During the preview, agents found numerous images of child pornography.  For example, agents found an image of a nude, young prepubescent male lying on his back with his knees pulled to his chest and shoulder width apart which exposed his genitals.  The camera was focused on the boy's anus.

c) After executing the search warrant, agents conducted a forensic analysis on the electronics seized at the defendant's residence.  Along with the Dell, agents seized an Azza homebuilt computer.

d) The forensic analysis of the Azza computer revealed numerous images of child pornography, including images of minors under 12 years old.  For example, agents found a photograph that shows a prepubescent boy lying on his back with an adult male inserting his penis into the boy's anus.  Agents also found a photograph that shows a prepubescent boy performing oral sex on an adult male.

e) The forensic analysis of the Dell computer revealed numerous images of child pornography.  For example, the Dell computer contained a video of three prepubescent male on a bed fully clothed.  Two of the boys start to tickle the third boy, remove all of his clothing, and then perform oral sex on him.  Then, the other two boys take their clothes off and all three perform oral sex on each other.  One of the boys inserts his finger into one of the other boys' anus.

f) In addition, the Dell computer contained child pornography that the defendant produced.

g) During the investigation, a third party approached law enforcement and explained that the defendant had used his/her laptop and that he/she was concerned that there may be child pornography on it. The third party consented to a search of the laptop. A forensic analysis on that laptop revealed child pornography, including some that the defendant produced.

h) The defendant produced the child pornography on the Dell computer and on the third party's laptop using the same three victims.

i) In or about July 2010, the defendant employed, used, persuaded, induced, enticed and coerced a then 9 year old minor, Victim 1 ("V1") to take part in sexually explicit conduct. Specifically, the defendant photographed and videotaped V1 while he was asleep in the defendant's bed. The defendant videotaped while he pulled the covers off of V1, partially removed V1's underwear, and touched V1's genitals.

j) In or about September 2010, the defendant employed, used, persuaded, induced, enticed and coerced a 13 year old minor, Victim 2 ("V2"), to take part in sexually explicit conduct. The defendant videotaped and photographed V2 and the defendant engaged in sexually explicit conduct, including oral sex and anal sex. The defendant also videotaped and photographed the defendant touching V2's penis with the defendant's hand.

k) In or about October 2010, the defendant employed, used, persuaded, induced, enticed and coerced an 11 year old minor, Victim 3 ("V3"), to take part in sexually explicit conduct. The defendant videotaped V3 engaged in sexually explicit conduct. The defendant videotaped V3 taking off V3's underwear and exposing his erect penis.

6

l)  In addition, the defendant videotaped V1 and V3 together. The defendant photographed V1 and V3 while they were nude and lying in a bed together. In the photograph, V1 appears to be asleep while V3 appears to be masturbating.

m) The defendant photographed and videotaped the victims. Then, the defendant transferred those images and videos to his computer and the third party's computer where he stored them and viewed them.

n)  The defendant uploaded an image of V3 to "Website A," a photo-sharing website. In the image, V3's penis appears to be erect underneath V3's underwear.

o)  The Dell computer was manufactured outside the United States. The hard drive in the third party's laptop was manufactured in China.

6)   **Sentencing Stipulations:**

a)  The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offenses to which the defendant is pleading guilty; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

b)  The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention

to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

7)   **Waiver of Rights to Appeal and Collateral Attack:** The defendant waives (gives up) any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack:

    a) The convictions resulting from the defendant's guilty plea;

    b) Any sentence to a term of imprisonment of 90 years or less;

    c) Any sentence to a fine within the maximum permitted by law;

    d) Any sentence to a term of supervised release within the maximum permitted by law;

    e) Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement.

Nothing in this appeal waiver is meant to be or should be construed as a representation of or agreement concerning the appropriate sentence in this case.

---

A. **Right to Counsel:** The defendant has a right to assistance of counsel in connection with settlement of this case and understands that right.   Defense counsel has advised the defendant of nature of the charges to which the defendant is agreeing to plead guilty and the range of possible sentences.

B. **Waiver of Trial-Related Rights:** The defendant has the following additional constitutional rights in connection with the charges in this case: (i) to be presumed innocent until proven

8

guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present defense evidence; and (vi) to remain silent and be protected against compelled self-incrimination. The defendant understands that by pleading guilty, the defendant waives (gives up) these rights.

C. **Court Not Bound by Plea Agreement:** This plea agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. The Court is neither a party to, nor bound by this Plea Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the United States Probation Office. If the Court rejects the provisions of this agreement permitting the defendant to plead guilty to certain charges in satisfaction of other charges, the Court will permit the defendant to withdraw the plea of guilty before sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

D. **Court Not Bound by Agreed-Upon Recommendations, Stipulations, and Requests:** If this agreement contains any provisions under Fed. R. Crim. P. 11(c)(1)(B) by which the government agrees to recommend, stipulates, or agrees not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the federal sentencing guidelines, or a policy statement, or sentencing factor does or does not apply, such a recommendation, stipulation, or request does not bind the Court, which may make independent factual findings by a preponderance of the evidence and may reject such recommendations, requests, and stipulations between the parties. If the Court rejects one or more recommendations, stipulations, or requests, the defendant is not entitled to withdraw the defendant's plea of guilty and is not released from the obligations described in this

9

agreement.   Under such circumstances, the government reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations, stipulations, or requests set out in this agreement.

E. **Sentencing:**

   a. **Maximum terms of imprisonment:**   The defendant understands that the Court has discretion to impose a sentence within the statutory maximum sentence(s) set out in this agreement.  If the defendant is pleading guilty to multiple charges, the Court may be required by law to have the sentences of imprisonment on the convictions resulting from those charges run consecutively to each other.   Otherwise, the Court has discretion to have sentences of imprisonment run concurrently or consecutively.  See 18 U.S.C. § 3584.

   b. **Mandatory minimum terms of imprisonment:**   If specified in this agreement, the conviction on one or more charges to which the defendant has agreed to plead guilty may require imposition of a mandatory minimum term of imprisonment.  In such cases, the court must impose a term of imprisonment no less than the required mandatory minimum term unless an exception to that requirement applies.  Such exception may be dependent on a motion by the government.

   c. **Sentencing guidelines:**

      i. The actual sentence to be imposed upon the defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, as described above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder.  While the Court is

10

not bound to impose a sentence within the applicable sentencing guidelines range, it must take into account the sentencing guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

ii. Any estimate of the defendant's offense level, criminal history category, and sentencing guidelines range provided before sentencing is preliminary and is not binding on the parties to this agreement, the Probation Office, or the Court.  Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the defendant's criminal history category and, in some cases, the defendant's offense level.

iii. Under certain circumstances, the defendant's criminal history may affect the defendant's offense level under the federal sentencing guidelines.  If the presentence investigation reveals that the defendant's criminal history may support an offense level different than an offense level stipulated in this agreement, the parties are not bound by any such stipulation as to the defendant's offense level and may advocate with respect to how the defendant's criminal history affects the offense level.

d. **Factual findings:**   The defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties.  In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay.  The Defendant understands that the sentence imposed may be determined based upon such judicial fact-finding.

11

e.  **Use of the Defendant's Statements:** The defendant understands that the sentencing court may consider any statement that the defendant has made or makes in this Plea Agreement, during the guilty plea, to the Probation Office, and at sentencing when imposing sentence.  In addition the government may be able to use the defendant's statements in this agreement and at the guilty plea and at sentencing in any criminal, civil, or administrative proceeding.  For example, if the defendant fails to enter a guilty plea (as required by this agreement) or the defendant's guilty plea is later withdrawn or vacated for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5), the government may introduce the defendant's statements into evidence in any prosecution.  If, however, the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5), and the defendant withdraws the guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A), the government will not be permitted to use any of the defendant's statements in this Plea Agreement.  To the extent that Rule 11(f) of the Federal Rules of Criminal Procedure and/or Rule 410 of the Federal Rules of Evidence are inconsistent with this paragraph, the defendant waives (gives up) any protections under those rules.

f.  **Government's Discretion to Recommend a Sentence:**  Unless a stipulation in this agreement explicitly limits the government's discretion with respect to its recommendations at sentencing, this agreement does not prevent the government from urging the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies; from recommending a specific sentence within the applicable guidelines range as determined by the Court or as urged by the government; or, if the government deems appropriate, recommending that the Court impose a sentence above the applicable guidelines range.

g. **Sentencing-Related Information:**   The government has the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the count(s) to which the defendant has agreed to plead guilty, subject only to the limitation described in U.S.S.G. §1B1.8.  No stipulation in this plea agreement limits the obligations of both parties to ensure that the sentencing Court has all information pertinent to its determination of an appropriate sentence.   The parties may provide any factual information relevant to sentencing to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report.   The parties agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this plea agreement.

h. **Supervised Release Term and Conditions:** If the defendant is placed on supervised release, under some circumstances, including the defendant's violation of one or more supervised release conditions, the Court may extend the term of supervised release, and may modify, reduce, or enlarge the conditions of such release.

F. **Other Adverse Consequences:** The following are some examples of the adverse consequences of pleading guilty other than the sentence imposed by the Court, along with any judicial order of forfeiture and/or restitution:

a. Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b. If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, and may bar readmission to the United States if the defendant leaves the country.   Under federal law, removal or deportation may be an

13

almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction resulting from this agreement on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c. A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

There may be other adverse consequences as well, some of them unforeseeable. It may be difficult or impossible to predict all of the adverse consequences of the defendant's guilty plea. The defendant agrees that any resulting adverse consequences, whether or not foreseen or foreseeable, will not provide a basis for withdrawing from the guilty plea described in this agreement or otherwise challenging the resulting conviction and sentence.

G. **<u>Restitution:</u>** Independent of any agreement to pay restitution, and whether there is any such agreement, the sentencing Court may be required to order that the defendant pay restitution to any victim of the offense(s) of conviction under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. In addition, the sentencing Court may have the authority to order that the

14

defendant pay restitution to any victim of the offense(s) of conviction pursuant to 18 U.S.C. §§ 3663 & 3664.  In any case involving a conviction for a sexual exploitation offense in chapter 110 of title 18 of the United States Code, the Court must order restitution for the full amount of the victim's losses as determined by the court.  The victim's losses include, but are not limited to medical services related to physical, psychiatric, or psychological care; physical or occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees and other costs; and any other losses suffered by the victim as a proximate result of the offense.  The restitution payment will be in addition to any other civil or criminal penalty authorized by law.

H.  **Forfeiture:** If the defendant has agreed to forfeiture of assets, the defendant agrees to the following terms and conditions:

a.   The defendant hereby forfeits, to the United States, all right, title, and interest of any nature in any and all assets that are subject to forfeiture, including substitute assets, as set forth above, whether those assets are in the possession or control of the defendant, a nominee, or some other third party.

b.  The defendant consents to the entry of an order of forfeiture of the assets described above.

c.  The defendant is aware that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to a given defendant at sentencing or at any time before sentencing if the defendant consents.  The defendant consents that the preliminary order of forfeiture in this case shall become final as to the defendant before sentencing, as of the date the preliminary order of forfeiture is entered by the Court.  The defendant understands that the government, upon entry of the

15

preliminary order of forfeiture, will address any potential third party claims pursuant to Rule 32.2(c), and seek to finalize forfeiture.

d. Forfeiture of the defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other monetary penalty that the Court may impose upon the defendant in addition to forfeiture. Satisfaction of all, or any portion of, any restitution, fine, or other penalty that the Court may impose upon the defendant in addition to forfeiture will not satisfy all, or any portion of, any forfeiture judgment ordered by the Court.

e. In the event that any successful claim is made, by any third party, to the assets described above, the defendant agrees to forfeit substitute assets equal in value to the assets transferred to any such third party. The defendant agrees that forfeiture of substitute assets shall not be deemed an alteration of the Defendant's sentence.

f. The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

g. The defendant waives the right to a jury trial on the forfeiture of assets. The defendant waives all constitutional, legal, and equitable defenses to the forfeiture of assets, as provided by this agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

h.  The defendant acknowledges that the government may institute civil or administrative proceedings against any or all of the defendant's forfeitable assets, including, but not limited to substitute assets and any forfeitable assets not identified by the defendant, and agrees not to contest any such forfeiture proceedings.

i.  The defendant represents and warrants that the defendant has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this plea agreement, other than those listed above.

j.  The defendant acknowledges joint and several liability for the amount of any money judgment set forth above.

k.  In the event the government determines that the defendant has breached any condition of this plea agreement, none of the forfeited property shall be returned to the defendant, nor shall the defendant assert any claim to the forfeited property.  The defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends, or associates.

I.  **Determination of Financial Condition and Payment of Interest and Penalties:**

a.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

b.  The defendant will promptly submit a complete, accurate, and truthful financial statement to the United States Attorney's Office, in a form it provides and as it directs.

c.  The defendant authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d.  Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the defendant's sentence, from as early as the date of sentencing.

J.  **Remedies for Breach:**

a.  Should the government determine that the defendant, after the date the defendant has signed this plea agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has moved to withdraw the defendant's guilty plea for reasons other than those described in this agreement or otherwise has breached any term or condition of this plea agreement or supplemental agreements with the government, the government will have the right, in its sole discretion, to void this agreement, in whole or in part.  In the event of such breach, the defendant will remain obligated to plead guilty and otherwise comply with the terms of this agreement and will not be permitted to withdraw the defendant's guilty plea under this agreement.  The defendant will be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to charges that this Office has agreed to dismiss or not to prosecute under this agreement.

b.  If the defendant breaches this agreement, the government will have the following remedies, among others, available to it:

i.  To bring prosecution for any federal criminal offenses dismissed or not prosecuted under this agreement.  The defendant waives (gives up) any defense or objection to

18

the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date on which the defendant signed this plea agreement, notwithstanding the expiration of the statute of limitations between the signing of the agreement and the commencement of any such prosecution.

ii. In connection with any such prosecution, any information, statement, and testimony provided by the defendant, and all leads derived therefrom, may be used against the defendant, without limitation and without regard to any rights the defendant may have under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

iii. To utilize any information, statement, or testimony provided by the defendant in any proceeding, including at sentencing, notwithstanding U.S.S.G. §1B1.8;

iv. To advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range without regard to any contrary stipulations contained in this agreement;

v. To refrain from making any sentencing-related motion favorable to the defendant without regard to any provision in this agreement obligating the government to consider making or make such motion upon fulfillment of certain conditions;

vi. To urge the sentencing Court to take the defendant's breach into account when imposing sentence;

vii. To recommend any sentence the government deems appropriate, even if such recommendation is at odds with any stipulation in this agreement.

K. **Limitations:** This agreement is between the United States Attorney's Office for the Northern District of New York and the defendant. References to "the government" in this agreement refer only to that Office. This agreement does not bind any other federal, state, or local

prosecuting authorities. Furthermore, this agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, proceedings relating to the forfeiture of assets, and proceedings by the Department of Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the defendant.

L. **Agreement Must be Signed; Modifications Must be Written or on the Record:** This agreement, to become effective, must be signed by all of the parties listed below. No promises, agreements, terms, or conditions other than those set forth in this plea agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

M. **Agreement to Plead Guilty Voluntary:** The defendant acknowledges reading each of the provisions of this plea agreement with the assistance of counsel and understands its provisions. The defendant further acknowledges that the defendant's agreement to plead guilty is voluntary and did not result from any force, threat, or promises (other than the promises in this plea agreement and any written supplemental agreements or amendments).


RICHARD S. HARTUNIAN
United States Attorney


Katherine Kopita
Assistant United States Attorney
Bar Roll No. 517944

5/1/14
Date

20

_____
Ryan Staples
Defendant

Date  4-2-14

_____
Mark Anderson
Attorney for Defendant
Bar Roll No.  514430

Date  4/2/14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

****************************************************

UNITED STATES OF AMERICA,                              *

                              Plaintiff,               *

                    -v-    13-cr-440                    *

RYAN STAPLES,                                          *

                              Defendant.               *

****************************************************


     Transcript of Change of Plea Hearing regarding the
above-referenced matter, held before the Honorable Thomas J.
McAvoy, Senior United States District Court Judge, at the
James T. Foley United States Courthouse, 445 Broadway,
Albany, New York, on May 1, 2014.


FOR THE GOVERNMENT:

               OFFICE OF THE UNITED STATES ATTORNEY
               445 Broadway
               Albany, New York  12207
                    By:  Katherine E. Kopita, A.U.S.A.

FOR THE DEFENDANT:

               MARK E. ANDERSON, ESQ.
               P.O. Box 2723
               Plattsburgh, New York  12901

A-35

U.S. v STAPLES - 13-cr-440

1           COURT CLERK:  United States of America versus

2    Ryan Staples, 13-cr-440.  May we have appearance for the

3    government.

4           MS. KOPITA:  Good morning.  Katie Kopita for

5    the government.

6           THE COURT:  Ms. Kopita.

7           COURT CLERK:  On behalf of the defendant.

8           MR. ANDERSON:  Mark Anderson on behalf of Ryan

9    Staples.

10          THE COURT:  Mr. Andersson.  Mr. Staples.

11          THE DEFENDANT:  Good morning, your Honor.

12          COURT CLERK:  Mr. Anderson, Mr. Staples, if you

13   come forward to the podium please.  Mr. Staples, if you

14   raise your right hand.

15          (Whereupon, defendant placed under oath)

16          THE COURT:  All right, Mr. Anderson.  As I

17   understand it, this morning your client, Mr. Staples,

18   wishes to change his plea and enter a plea of guilty to

19   counts one, two and three of indictment 13-cr-440.  Is

20   that your understanding?

21          MR. ANDERSON:  That's correct, your Honor.

22          THE COURT:  And, Ms. Kopika, is that your

23   understanding as well?

24          MS. KOPITA:  Yes, your Honor.

25          THE COURT:  Mr. Staples, please state your name

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

------U.S. v STAPLES – 13–cr–440-------

1    for us once again.

2                THE DEFENDANT:  Ryan Staples, your Honor.

3                THE COURT:  All right.  At this time, Mr.

4    Anderson, I'm going to be asking you some questions in

5    order to learn if you're pleading guilty freely and

6    voluntarily with an understanding of the charges and the

7    consequences.  I'm going to be asking you if you're under

8    the influence of any substances, such as narcotics,

9    alcohol or medication which would in any way interfere

10   with your ability to understand the charge and the

11   consequences.  I'm going to be asking you if anybody has

12   made any promises of leniency to you to induce you to

13   plead guilty except what's in your plea agreement or if

14   anybody has threatened you with the use of force to

15   induce you to plead guilty.

16                I'm going to be asking you something about what

17   you did in this case so the Court can establish that

18   there's a factual basis for accepting and entering your

19   plea, and I'm going to ask you some questions about your

20   personal history and background and I want to advise you

21   that if your answers are not truthful, they may later be

22   used against you in a prosecution for perjury or making a

23   false statement.  Do you understand that?

24                THE DEFENDANT:  Yes, your Honor.

25                THE COURT:  Okay.  Before I ask you those

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT – NDNY

—————— U.S. v STAPLES - 13-cr-440 ——————

1   questions and before the clerk takes your plea, I want to
2   advise you of certain rights that you have in connection
3   with this matter.  First of all, you have the right to
4   persist in your original plea of not guilty as to all
5   three counts of the indictment.
6           You have the right to speedy and public trial
7   by an impartial jury of 12 persons or to a trial by the
8   Court alone if you were to waive or give up your right to
9   a jury trial.  Upon such a trial you would be presumed to
10  be innocent under the law and the burden would be upon
11  the government to establish your guilt beyond a
12  reasonable doubt to the satisfaction of all 12 jurors or
13  the satisfaction of the Court if you waived a jury trial.
14  At such a trial, you would have the right to the
15  assistance of an attorney.  You would have the right to
16  confront, that is, to see and hear any witnesses sworn
17  against you and to cross-examine them.  You would have
18  the right to remain silent or to testify in your own
19  behalf but you couldn't be compelled to incriminate
20  yourself or to testify at all and your silence couldn't
21  be held against you in any away nor could any inference
22  of guilt be drawn against you if you decided not to
23  testify.
24          You would have the right to use subpoena or
25  other processes of the Court to compel witnesses to

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES - 13-cr-440

1    attend the trial and to obtain any documentary or other

2    evidence you might wish to offer in your own defense.

3            Now, if the Court accepts your plea of guilty

4    this morning, you're going to waive or give up all those

5    rights, there won't be a trial of any kind and the Court

6    will have the same power to sentence you as if you had

7    been found guilty after a trial on the count to which you

8    are pleading.

9            Now, did you hire Mr. Anderson to represent you

10   or was he appointed by the Court?

11           THE DEFENDANT:  He was appointed, your Honor.

12           THE COURT:  And did he go over the charges made

13   against you in the three counts of the indictment?

14           THE DEFENDANT:  Yes, he did, your Honor.

15           THE COURT:  Basically, generically, did he

16   explain to you that you are charged with three counts of

17   producing child pornography involving three different

18   individuals?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  And do you understand the charge?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Did Mr. Anderson also discuss with

23   you the consequences of pleading guilty or the potential

24   sentences involved?

25           THE DEFENDANT:  Yes, your Honor.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

6

—U.S. v STAPLES - 13-cr-440—

1       THE COURT:  Do you understand those?
2       THE DEFENDANT:  I do, your Honor.
3       THE COURT:  Did he also speak with you, what
4   your chances would be of winning or losing if you decided
5   to go to trial, trial strategy and defenses?
6       THE DEFENDANT:  Yes, your Honor.
7       THE COURT:  Do you understand those?
8       THE DEFENDANT:  Yes, your Honor.
9       THE COURT:  All right.  Lastly, I want to warn
10  you that a plea of guilty constitutes a waiver or giving
11  up of your right against self-incrimination and I want to
12  warn you not to plead guilty unless you are in fact
13  guilty of the charges made against you in counts one
14  through three.  Do you still wish to plead guilty?
15      THE DEFENDANT:  I do, your Honor.
16      THE COURT:  Okay.  Madam clerk.
17      COURT CLERK:  In indictment 13-cr-440, the
18  grand jury charges, count one, in or about July 2010 in
19  Franklin County, in the Northern District of New York,
20  the defendant, Ryan Staples, did knowingly employ, use,
21  persuade, induce, entice and coerce a minor to engage in
22  sexually-explicit conduct for the purpose of producing
23  any visual depiction of such conduct knowing and having
24  reason to know that such visual depictions would be
25  transported and transmitted using a means and facility of

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

—— U.S. v STAPLES – 13-cr-440 ——

1   interstate and foreign commerce and in and affecting such

2   commerce and when such visual depictions were produced

3   and transmitted using materials that had been shipped and

4   transported in and affecting such commence by any means,

5   including by computer, and when such visual depictions

6   were actually transported and transmitted using a means

7   and facility of such commerce in and affecting such

8   commerce in that defendant, Ryan Staples, employed, used,

9   persuaded, induced, enticed and coerced a minor male with

10  the initials D.P. born in 2000 to engage in

11  sexually-explicit conduct, took digital images of such

12  conduct and transferred and transmitted the visual

13  depictions of such conduct to a computer manufactured

14  outside of the United States so that they could be

15  published and viewed, in violation of Title 18, United

16  States Code, Sections 2251(a)(e).

17          Mr. Staples, how do you plead to count one of

18  indictment 13-cr-440?

19          THE DEFENDANT:  Guilty.

20          COURT CLERK:  Count two.  In or about September

21  2010, in Franklin County, in the Northern District of New

22  York, the defendant, Ryan Staples, did knowingly employ,

23  use, persuade, induce, entice and coerce a minor to

24  engage in sexually-explicit conduct for the purpose of

25  producing any visual depiction of such conduct knowing

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT – NDNY

1  and having reason to know that such visual depictions
2  would be transported and transmitted using a means and
3  facility of interstate and foreign commerce and in and
4  affecting such commerce and when such visual depictions
5  were produced and transmitted using the materials that
6  had been shipped and transported in and affecting such
7  commerce by any means, including by computer, and when
8  such visual depictions were actually transported and
9  transmitted using a means and facility of such commerce
10  and in and affecting such commerce in that defendant,
11  Ryan Staples, employed, used, persuaded, induced, enticed
12  and coerced a minor male with the initials C.P., born in
13  1996, to engage in sexually-explicit conduct, took
14  digital images of such conduct and transferred and
15  transmitted visual depictions of such conduct to a
16  computer manufactured outside of the United States so
17  that they could be published and viewed, in violation of
18  Title 18, United States Code, Sections 2251(a) and (e).
19          Mr. Staples, how do you plead to count two of
20  indictment 13-cr-440?
21          THE DEFENDANT:  Guilty.
22          COURT CLERK:  Count three.  In or about October
23  2010, in Franklin County, in the Northern District of New
24  York, the defendant, Ryan Staples, did knowingly employ,
25  use, persuade, induce, entice and coerce a minor to

———— U.S. v STAPLES - 13-cr-440 ————

1    engage in sexually-explicit conduct for the purpose of

2    producing any visual depiction of such conduct knowing

3    and having reason to know that such visual depictions

4    would be transported and transmitted using a means and

5    facility of interstate and foreign commerce and affecting

6    such commerce and when such visual depictions were

7    produced and transmitted using materials that had been

8    shipped and transmitted in and affecting such commerce by

9    any means, including by computer, and when such visual

10   depictions were actually transported and transmitted

11   using a means and facility of such commerce and in

12   affecting such commerce in that defendant, Ryan Staples,

13   employed, used, persuaded, induced, enticed and coerced a

14   minor male with the initials R.T., born in 1999, to

15   engage in sexually-explicit conduct, took digital images

16   of such conduct and transferred and transmitted visual

17   depictions of such conduct to a computer manufactured

18   outside of the United States so that they could be

19   published and viewed, in violation of Title 18, United

20   States Code, Sections 2251(a) and (e).

21          Mr. Staples, how do you plead to count three of

22   indictment 13-cr-440?

23          THE DEFENDANT:  Guilty.

24          COURT CLERK:  And do you admit the forfeiture

25   allegation contained and set forth in indictment

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

──────── U.S. v STAPLES - 13-cr-440 ────────

```
 1   13-cr-440?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  All right, Mr. Staples.  Can you
 4   tell us, how old are you?
 5              THE DEFENDANT:  I'm 37, your Honor.
 6              THE COURT:  And what's your date of birth?
 7              THE DEFENDANT:  August 18th, 1976.
 8              THE COURT:  Are you married?
 9              THE DEFENDANT:  I am, your Honor.
10              THE COURT:  Do you have any children?
11              THE DEFENDANT:  Yes, your Honor.
12              THE COURT:  How many?
13              THE DEFENDANT:  Five.
14              THE COURT:  Can you tell me the age and gender
15   of the oldest and the youngest?
16              THE DEFENDANT:  Four girls that are -- oldest,
17   14, 10, 8 and 5 or 4 and then my boy, which is two.
18              THE COURT:  Okay.  And how far did you go in
19   school?
20              THE DEFENDANT:  I have some college, your
21   Honor.
22              THE COURT:  And what kind of work have you
23   done?
24              THE DEFENDANT:  Retail management.
25              THE COURT:  Where did you do that?
```

U.S. v STAPLES — 13-cr-440

```
 1              THE DEFENDANT:  Walmart, Target stores.
 2              THE COURT:  Have you had any alcohol, narcotics
 3     in the past 48 hours?
 4              THE DEFENDANT:  No, your Honor.
 5              THE COURT:  Are you currently, have you
 6     recently been under the care of any physician or
 7     psychiatrist or other medical care provider for any
 8     physical or mental condition?
 9              THE DEFENDANT:  No, your Honor.
10              THE COURT:  Are you taking any medications at
11     the present time?
12              THE DEFENDANT:  No, your Honor.
13              THE COURT:  Did you tell me that the Court
14     appointed Mr. Anderson to represent you?  Was that true?
15              THE DEFENDANT:  Yes, your Honor.
16              THE COURT:  Has he advised you of your rights?
17              THE DEFENDANT:  He has.
18              THE COURT:  Very good.  Is there anything you
19     want to ask me about your rights this morning?
20              THE DEFENDANT:  No, your Honor.
21              THE COURT:  Are you satisfied with what Mr.
22     Anderson has done for you so far?
23              THE DEFENDANT:  Yes, your Honor.
24              THE COURT:  Has Mr. Anderson or Ms. Kopita or
25     any public official or anyone made any promises to you
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT — NDNY

—— U.S. v STAPLES - 13-cr-440 ——

1   that you would be treated leniently in exchange for your

2   plea of guilty except what's in your plea agreement?

3           THE DEFENDANT:  No promises, your Honor.

4           THE COURT:  Has anybody made any threats of

5   force against you to induce you to plead guilty?

6           THE DEFENDANT:  No, your Honor.

7           THE COURT:  Are you pleading guilty freely and

8   voluntarily?

9           THE DEFENDANT:  I am, your Honor.

10           THE COURT:  Are you currently on probation from

11   any other court or probation from any institution?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  Ms. Kopita, does the government

14   have sufficient evidence to prove Mr. Staples guilty

15   beyond a reasonable doubt of the charges set forth in

16   counts one through three of indictment 13-cr-440?

17           MS. KOPITA:  Yes, your Honor.

18           THE COURT:  What would you prove if we went to

19   trial?

20           MS. KOPITA:  Your Honor, the government would

21   prove that on October 24th, 2013, Homeland Security

22   Investigations agents executed a search warrant at the

23   defendant's residence which is in the Northern District

24   of New York.

25           Agents seized various electronics from the

                Lisa L. Tennyson, CSR, RMR, FCRR
                UNITED STATES DISTRICT COURT - NDNY

─── U.S. v STAPLES - 13-cr-440 ───

1   residence and in accordance with the search warrant.  At

2   the defendant's residence, agents previewed the

3   defendant's Dell Dimension 4600 tower desktop computer

4   hard drive.  During the preview agents found numerous

5   images of child pornography.  For example, agents found

6   an image of a nude, young, pre-pubescent male lying on

7   his back with his knees pulled to his chest, shoulder

8   width apart which exposed genitals.  The camera focused

9   on the boy's anus.

10          THE COURT:  You have to slow down just a bit.

11          MS. KOPITA:  After executing the search

12   warrant, agents conducted a forensic analysis on the

13   electronics seized at the defendant's residence.  Along

14   with the Dell, agents seized an Asus home-built computer.

15   The forensic analysis of the Asus computer revealed

16   numerous images of child pornography, including images of

17   minors under 12 years old.  For example, agents found a

18   photograph that shows a pre-pubescent boy lying on his

19   back with an adult male inserting his penis into the

20   boy's anus.  Agents also found a photograph that shows a

21   pre-pubescent boy performing oral sex on an adult male.

22          The forensics analysis of the Dell computer

23   revealed numerous images of child pornography.  For

24   example, the Dell computer contained a video of three

25   pre-pubescent males on a bed fully clothed.  Two of the

1   boys started to tickle the third boy, removed all of his

2   clothing and then performed oral sex on him.  Then the

3   other two boys take their clothes off and all three

4   perform oral sex on each other.  One of the boys inserts

5   his finger into one of the other boys' anuses.

6            In addition, the Dell computer contained child

7   pornography that the defendant produced.  During the

8   investigation a third-party approached law enforcement

9   and explained the defendant had used his or her laptop

10  and that he or she was concerned that there may be child

11  pornography on it.  The third-party consented to a search

12  of the laptop.  A forensics analysis on that laptop

13  revealed child pornography, including some that the

14  defendant produced.  The defendant produced the child

15  pornography on the Dell computer and on the third-party's

16  laptop using the same three victims.

17           In or about July 2010 the defendant employed,

18  used, persuaded, induced, enticed and coerced a

19  then-nine-year-old minor, victim number one, to take part

20  in sexually-explicit conduct.  Specifically, the

21  defendant photographed and videotaped victim number one

22  while he was asleep in the defendant's bed.  The

23  defendant videotaped while he pulled the covers off the

24  victim number one, partially removed victim number one's

25  underwear and touched victim number one's genitals.

                    Lisa L. Tennyson, CSR, RMR, FCRR
                    UNITED STATES DISTRICT COURT - NDNY

─── U.S. v STAPLES - 13-cr-440 ───

1           In or about September 2010 the defendant
2  employed, used, persuaded, induced, enticed and coerced a
3  13-year-old minor, victim number two, to take part in
4  sexually-explicit conduct.  The defendant videotaped and
5  photographed the victim number two and the defendant
6  engaged in sexually-explicit conduct, including oral sex
7  and anal sex.  The defendant also videotaped and
8  photographed the defendant touching victim number two's
9  penis with the defendant's hand.
10           In or about October 2010, the defendant
11  employed, used, persuaded, induced, enticed and coerced
12  an 11-year-old minor, victim number three, to take part
13  in sexually-explicit conduct.  The defendant videotaped
14  victim number three and engaged in sexually-explicit
15  conduct.  The defendant videotaped victim number three
16  taking off victim number three's underwear and exposing
17  his erect penis.
18           In addition, the defendant videotaped victim
19  number one and victim number three together.  The
20  defendant photographed victim number one and victim
21  number three while they were nude and lying in a bed
22  together.  In the photograph victim number one appeared
23  to be asleep while victim number three appears to be
24  masturbating.  The defendant photographed and videotaped
25  the victims.  Then the defendant transferred those images

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

16

U.S. v STAPLES - 13-cr-440

```
 1    and videos to his computer and the third-party's computer
 2    where he stored them and viewed them.
 3              The defendant uploaded an image of victim
 4    number three to website A, a photo-sharing website.  In
 5    the image, victim number three appeared to be erect under
 6    victim number three's underwear.  The Dell computer is
 7    manufactured outside of the United States and the hard
 8    drive of the third-party's laptop was manufactured in
 9    China.
10              THE COURT:  All right.  Did these -- I know you
11    said this subpoena was served and executed in the
12    Northern District of New York but did any of the actions
13    you described the defendant engaged in, did they occur in
14    the Northern District of New York?
15              MS. KOPITA:  They did, your Honor.
16              THE COURT:  Could you prove that?
17              MS. KOPITA:  Yes, through the images and the
18    videos.
19              THE COURT:  All right.  All right.  Mr.
20    Staples, did you hear and understand what Ms. Kopita said
21    about what you did in this case?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  Is that what you did?
24              THE DEFENDANT:  Yes, your Honor.
25              THE COURT:  Is that your understanding, Mr.
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

17

U.S. v STAPLES - 13-cr-440

1  Anderson?

2          MR. ANDERSON:  It is, your Honor.

3          THE COURT:  All right, Ms. Kopita, please

4  describe for the Court and the defendant what the maximum

5  or any mandatory minimum penalty would be for the three

6  counts so involved.

7          MS. KOPITA:  The maximum term of imprisonment

8  on each count is 30 years.  The mandatory minimum term of

9  imprisonment for each count is 15 years.  There is a

10  maximum fine of $250,000 on each count.  There is a

11  supervised release term of at least five years to life to

12  begin after any term of imprisonment.  A violation of the

13  conditions of supervised release during that time period

14  may result in the defendant's being sentenced to an

15  additional term of up to three years' imprisonment.  The

16  defendant is required to register as a sex offender and

17  there are other adverse consequences that may result from

18  the conviction.

19          THE COURT:  All right.  For example, other

20  adverse happenings that may result upon conviction is you

21  lose the right to bear firearms, lose the right to vote,

22  and if it turns out you're not a citizen, you can be

23  deported.  The Court has no reason to believe you're not

24  a citizen but if that were the case, you would be

25  deported.  Now, if the Court should sentence you to a

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES - 13-cr-440

1  period of incarceration followed by a period of
2  supervised release, if you violated any of the terms and
3  conditions of that release, you would be subject to a
4  further term of imprisonment.  Do you understand that?
5          THE DEFENDANT:  I do, your Honor.
6          THE COURT:  Okay.  Also under and pursuant to
7  certain sentencing guidelines adopted by the United
8  States that used to be mandatory but are no longer
9  mandatory but still must be considered by the Court in
10 the sentencing process, my discretion in sentencing you
11 is thereby affected and the Court must enforce laws as it
12 stands today but sometimes the Court can sentence you
13 above the guidelines or below the guidelines or even
14 outside of the guidelines, depending upon the facts and
15 circumstances and the laws that's presented to the Court
16 at or about the time of sentencing.
17          So you understand what I just said about the
18 sentencing guidelines?
19         THE DEFENDANT:  Yes, your Honor.
20         THE COURT:  All right.  Ms. Kopita, have you
21 done a preliminary guideline calculation?
22         MS. KOPITA:  Yes, your Honor.
23         THE COURT:  Share that with us please.
24         MS. KOPITA:  Before I give that, your Honor, I
25 actually neglectd to mention that there's a $300 special

          Lisa L. Tennyson, CSR, RMR, FCRR
          UNITED STATES DISTRICT COURT - NDNY

———— U.S. v STAPLES - 13-cr-440 ————

1    assessment and I know the Court has already gone over the

2    forfeiture of the computer.

3              THE COURT:  Okay.

4              MS. KOPITA:  My guideline estimate, your Honor,

5    is provided the defendant is given three points for

6    acceptance of responsibility, the base offense level

7    would be 42 and the guideline range would therefore be

8    360 months to life.

9              THE COURT:  All right.  Now, Mr. Staples, did

10   you sign your plea agreement in this case?

11             THE DEFENDANT:  I did, your Honor.

12             THE COURT:  And did you talk it over with Mr.

13   Anderson before you signed it?

14             THE DEFENDANT:  I did, your Honor.

15             THE COURT:  And did he explain it to you?

16             THE DEFENDANT:  He did.

17             THE COURT:  Did you understand it when you

18   signed it?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  All right.  Did you sign it

21   voluntarily?

22             THE DEFENDANT:  I did, your Honor.

23             THE COURT:  The Court understands that after

24   consultation with Mr. Anderson both you and he agree that

25   it would be in your best interest to waive or give up

U.S. v STAPLES - 13-cr-440

1    certain appeal rights in connection with this matter and

2    according to the agreement, you have agreed to waive or

3    give up your right to appeal or collaterally attack your

4    conviction arising out of this proceeding today and also

5    the right to appeal or collaterally attack any term of

6    imprisonment of 90 years or less, while reserving

7    yourself the right to appeal a higher sentence.

8              Did you understand what you were doing when you

9    agreed to give up those appeal rights?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Did you do that voluntarily?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Mr. Anderson, did you sign the plea

14   agreement on behalf of Mr. Staples knowingly and

15   voluntarily?

16             MR. ANDERSON:  I did, your Honor.

17             THE COURT:  And, Ms. Kopita, did you sign on

18   behalf of the government knowingly and voluntarily?

19             MS. KOPITA:  Yes, your Honor.

20             THE COURT:  Mr. Staples, the Court has to

21   explain to you that it's not bound by any sentencing

22   recommendation contained in the plea agreement.  You will

23   have no right to withdraw your plea of guilty if the

24   Court decides not to accept any non-binding

25   recommendation.  The Court will, of course, defer, put

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES — 13-cr-440

1    off its decision to reject or accept any recommendation
2    until I have seen the pre-sentence investigation report
3    prepared by the probation department and any other
4    materials that are forwarded to me that bear on
5    sentencing from the government or from Mr. Anderson or
6    from you or anybody on your behalf.
7              So, do you understand what I just said about
8    the Court's ability to reject any non-binding
9    recommendation in the plea agreement?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  Now that you have heard about the
12   potential statutory sentences and the guideline, do you
13   still wish to plead guilty?
14             THE DEFENDANT:  I do.
15             THE COURT:  Are you pleading guilty because you
16   are guilty?
17             THE DEFENDANT:  Yes, your Honor.
18             THE COURT:  All right.  Mr. Anderson, would you
19   state your background and experience in handling matters
20   of this kind?
21             MR. ANDERSON:  Your Honor, I've been in
22   practice for 19 years, for defense, 6 years.  I have been
23   familiarized with the guidelines as they applied to these
24   types of cases.  I've provided them -- information to Mr.
25   Staples.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

———— U.S. v STAPLES - 13-cr-440 ————

1          THE COURT:  And approximately how much time

2     have you spent so far defending in this case?

3          THE DEFENDANT:  With direct consultation with

4     my client, approximately five hours and preliminary

5     calculations, approximately 12 hours.

6          THE COURT:  How about research?  Did you do

7     some research?

8          MR. ANDERSON:  Yes.  Probably three to four

9     hours of research time.

10          THE COURT:  All right.  Have you had what you

11     believe to be adequate discovery of the government's

12     case?

13          MR. ANDERSON:  Yes.  Very much so, your Honor.

14          THE COURT:  Okay.  Have you advised Mr. Staples

15     of his rights, the nature of the charges and the

16     consequences of pleading guilty?

17          MR. ANDERSON:  I have, your Honor.

18          THE COURT:  Except what's contained in the plea

19     agreement, have you made any promises or threats to

20     induce him to plead guilty?

21          MR. ANDERSON:  No, your Honor.

22          THE COURT:  Are you satisfied that he's

23     pleading guilty freely and voluntarily within an

24     understanding of the charges and the consequences?

25          MR. ANDERSON:  Yes, your Honor.

———— U.S. v STAPLES – 13-cr-440 ————

1          THE COURT:  Do you know of any defenses that he

2    has that would prevail if the case went to trial?

3          MR. ANDERSON:  No, your Honor.

4          THE COURT:  Do you know of any reason he should

5    not plead guilty?

6          MR. ANDERSON:  No, your Honor.

7          THE COURT:  Based on the foregoing, the Court

8    will find that Mr. Staples pled guilty freely and

9    voluntarily, that he is and was competent to enter such a

10   plea, that he understands the charges against him and the

11   consequences of pleading guilty, that there is and was a

12   basis in fact for the Court accepting and entering the

13   plea.

14          The Court will direct the probation department

15   to prepare and submit a pre-sentence report.  Court will

16   set sentencing for Thursday, September 11th, at 9:30 A.M.

17   in Albany, New York.  That's a couple days over the

18   Speedy Trial Act.  Is that a problem for you, Mr.

19   Anderson?

20          MR. ANDERSON:  No, your Honor.

21          THE COURT:  Mr. Staples?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Ms. Kopita?

24          MS. KOPITA:  No, your Honor.

25          THE COURT:  What's the bail situation?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT – NDNY

1530361, Page59 of 102

U.S. v STAPLES - 13-cr-440

```
 1              MS. KOPITA:  Your Honor, the defendant is
 2    remanded.
 3              THE COURT:  Okay.
 4              MR. ANDERSON:  We have no objection to that,
 5    your Honor.
 6              THE COURT:  All right.  Is there anything
 7    further from the government?
 8              MS. KOPITA:  No, your Honor.
 9              THE COURT:  How about defense?
10              MR. ANDERSON:  No.  Thank you, your Honor.
11              THE COURT:  Okay.  Court stands adjourned in
12    this matter.
13              (Whereupon, proceedings concluded)
14                  * * * * * * * * * * *
15
16
17
18
19
20
21
22
23
24
25
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

25

—U.S. v STAPLES - 13-cr-440—

1

2

3

4                C E R T I F I C A T I O N

5

6

7            I, Lisa L. Tennyson, RMR, CSR, CRR, Official

8    Court Reporter in and for the United States District

9    Court for the Northern District of New York, hereby

10   certify that the foregoing 24 pages of testimony taken by

11   me to be a true and complete computer-aided transcript to

12   the best of my ability.

13

14   _____

15            Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.

16

17

18

19

20

21

22

23

24

25

                Lisa L. Tennyson, CSR, RMR, FCRR
            UNITED STATES DISTRICT COURT - NDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

Case No.  8:13-CR-440 (TJM)

v.

RYAN STAPLES,

GOVERNMENT'S SENTENCING
MEMORANDUM

Defendant.

_____

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

# I

## INTRODUCTION

On May 22, 2014, the defendant, Ryan Staples, pled guilty to Counts 1-3 of indictment 13-CR-440 (TJM) charging him with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e).  The defendant is scheduled to be sentenced on October 14, 2014.

The charges stem from the defendant's production of child pornography involving three separate victims, referred to as "V1," "V2," and "V3."  Agents executed a search warrant at the defendant's residence in October 2013 and seized a Dell computer.  Later, a third party provided agents with a laptop that the defendant had used.  Forensic examinations of the Dell and laptop revealed that the defendant produced the above-mentioned child pornography.

In or about July 2010, the defendant employed, used, persuaded, induced, enticed and coerced V1, a then 9 year old minor, to take part in sexually explicit conduct.  Specifically, the

defendant photographed and videotaped V1 while V1 was asleep in the defendant's bed.  The defendant videotaped while he pulled the covers off of V1, partially removed V1's underwear, and touched V1's genitals.

In or about September 2010, the defendant employed, used, persuaded, induced, enticed and coerced V2, a then 13 year old minor, to take part in sexually explicit conduct.  The defendant videotaped and photographed V2 and the defendant engaged in sexually explicit conduct, including oral sex and anal sex.  The defendant also videotaped and photographed the defendant touching V2's penis with the defendant's hand.

In or about October 2010, the defendant employed, used, persuaded, induced, enticed and coerced V3, a then 11 year old minor, to take part in sexually explicit conduct.  The defendant videotaped V3 engaged in sexually explicit conduct.  The defendant videotaped V3 taking off V3's underwear and exposing his erect penis.

In addition, the defendant videotaped V1 and V3 together.  The defendant photographed V1 and V3 while they were nude and lying in a bed together.  In the photograph, V1 appears to be asleep while V3 appears to be masturbating.

The defendant photographed and videotaped the victims.  Then, the defendant transferred those images and videos to his computer and the third party's computer where he stored them and viewed them. The defendant also uploaded an image of V3 to "Website A," a photo-sharing website.  In the image, V3's penis appears to be erect underneath V3's underwear.

2

A-61

Case 8:13-cr-00440-TJM   Document 24   Filed 09/23/14   Page 3 of 9

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.  **Statutory Maximum and Minimum Sentences**

The defendant's conviction for three counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) subjects the defendant to the following penalties on each count: a mandatory minimum term of imprisonment of 15 years; a maximum term of imprisonment of 30 years; a lifetime term of supervised release; registration as a sex offender; forfeiture as outlined in the indictment; restitution to the victims; and a maximum fine of $250,000. The defendant is required to pay a special assessment of $300, due and payable at or before sentencing. See 18 U.S.C. § 3013.

2.  **Guidelines Provisions**

    a.  **Offense Level**

        i.  **Count 1**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 1 is 32. See U.S.S.G. § 2G2.1. The government agrees with the Probation Department's determination regarding the applicable specific offense characteristics, which result in a ten-level increase. The adjusted offense level for Count 1 is therefore 42.

        ii.  **Count 2**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 2 is 32. See U.S.S.G. § 2D1.1. The government agrees with the Probation

Department's determination regarding the applicable specific offense characteristics, which result in a ten-level increase.  The adjusted offense level for Count 2 is also 42.

### iii.     Count 3

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Count 3 is 32.  See U.S.S.G. § 2D1.1.  The government agrees with the Probation Department's determination regarding the applicable specific offense characteristics.  The resulting adjusted offense level for Count 3 is 40.

### iv.     Combined offense level

The government agrees with the Probation Department's determination that the total offense level is 50 after the offenses are grouped and after five levels are added pursuant to U.S.S.G. §4B1.5.

### b.     Acceptance of Responsibility

It is the government's position that the defendant should not receive credit for acceptance of responsibility.  In his plea agreement and during his plea hearing, the defendant admitted that the factual basis of the plea agreement is accurate.  However, during his presentence interview, the defendant denied engaging in anal sex with V2.  The report indicates the defendant stated there was "no anal sex in that instance" and later stated he "does not recall having anal sex with anyone."  PSR ¶ 39.  Further, in the addendum to the PSR, defense counsel indicates that the defendant denies engaging in anal sex with V2.

The evidence in this case consists, in part, of images that depict the defendant engaging in anal sex with V2, yet the defendant refuses to admit to his conduct.  Accordingly, the defendant should not be given credit for acceptance of responsibility.

4

Under § 3E1.1(a) of the sentencing guidelines, a defendant qualifies for a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).   The defendant also qualifies for an additional one-level downward adjustment if he clearly demonstrates acceptance of responsibility for his offense and assists the government by pleading guilty in a timely manner.  U.S.S.G. § 3E1.1(b).

While a guilty plea and admission of the facts of the offense is generally significant evidence of acceptance of responsibility, the application notes to § 3E1.1 provide, "[T]his evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.   A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."  U.S.S.G. § 3E1.1, application note 3.  The application notes to § 3E1.1 also acknowledge that "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."  U.S.S.G. § 3E1.1, application note 5.

Indeed, whether a defendant has accepted responsibility is a question of fact best resolved by the sentencing judge.  United States v. Irabor, 894 F.2d 554, 557 (2d Cir. 1990).  "A district court's determination in this regard should not be disturbed unless it is without foundation."  Id. (citation and internal quotation marks omitted); see also United States v. Sweeny, 485 Fed. Appx. 468 (2d Cir. 2012).

Whether the defendant receives credit for acceptance of responsibility does not affect his total offense level because it is greater than 43 in either instance.  Pursuant to Chapter 5, Part A of the sentencing guidelines, an offense level greater than 43 must be reduced to 43.  Therefore,

5

as stated below, the defendant's offense level is 43 regardless of whether he receives credit for acceptance of responsibility.

**c.     Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

**d.     Guidelines Range and Sentence**

The defendant's total offense level is 43 and his criminal history category is I.  This is consistent with the calculations in the presentence report.  As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a lifetime term of imprisonment.  However, the statutory maximum potential sentence is 90 years imprisonment, therefore 90 years, or 1,080 months, becomes the guidelines term of imprisonment.  The guidelines also advise that the defendant receive a fine of between $25,000 and $250,000; a supervised release term of life; registration as a sex offender; and a $100 special assessment.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of 1,080 months imprisonment, which is within the guidelines range, along with registration as a sex offender, a term of supervised release, a $300 special assessment, and restitution to the victims.  The sentence that the government

recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

The nature and circumstances of the offense and the history and characteristics of the defendant all weigh in favor of a within guidelines sentence. The facts here establish that the defendant raped and molested three minor victims—a nine year old, an 11 year old, and a 13 year old. Beyond that, the defendant videotaped and photographed the abuse for his own gratification. Prior to abusing the victims, the defendant gave the victims alcohol, cigarettes, and played pornography for them. The defendant's crimes are horrendous and a within guidelines sentence would reflect the seriousness of what the defendant did to his victims, their families, and society.

The defendant's history and characteristics also weigh in favor of a within guidelines sentence. While he does not have a criminal history, the defendant indicated to the Probation Department that he started his own karate business prior to this indictment. The investigation also revealed that the defendant promoted himself as a karate instructor and taught it to children. As noted above, the defendant took steps to "groom" the victims in this case. Considering the defendant's crimes, it is disturbing that he found a way to start a business involving children. Producing child pornography is an extremely serious offense with dramatic consequences for victims and their families. A within guidelines sentence promotes respect for the law and provides just punishment for the defendant's offense.

Under U.S.S.G. §5G1.2(c), if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, the sentences on all counts must run concurrently unless otherwise provided by law. However, if the sentenced imposed on the

count carrying the highest statutory maximum is less than the total punishment, the sentences must run consecutive to the extent necessary to achieve the total punishment.   Here, the defendant should be sentenced to the maximum on each count to run consecutively.   The defendant molested and raped three separate victims.   Each crime should be punished accordingly and each victim should be considered when the Court determines the defendant's sentence.   Moreover, sentencing the defendant to the maximum on each count to run consecutively will achieve the 1,080 month guideline term of imprisonment.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Kimbrough v. United States, 552 U.S. 85, 89 (2007); see, e.g., Gall v. United States, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act--to diminish unwarranted sentencing disparity.  Rita v. United States, 551 U.S. 338, 354 (2007).[1]

---

[1]   The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a sua sponte departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. See Fed R. Crim. P. 32(i)(1)(c), 32 (h). Further, the United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 23rd day of September, 2014,

RICHARD S. HARTUNIAN
United States Attorney

By:   **/s/ Katherine E. Kopita**
Katherine E. Kopita
Assistant United States Attorney
Bar Roll No. 517944

## CERTIFICATE OF SERVICE

I hereby certify on September 23, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/S/ Katherine E. Kopita

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                vs.                             Criminal No. 8:13-CR-440 (TJM)

RYAN STAPLES,

                Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

COMES NOW the defendant, Ryan Staples, by and through his counsel, Mark E. Anderson, and submits this Sentencing Memorandum:

I.    <u>INTRODUCTION</u>

On May 22, 2014, pursuant to a plea agreement, Mr. Staples entered guilty pleas to courts one, two and three of the Indictment charging him with the offenses of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (c).  His sentencing is presently scheduled for October 14, 2014 in Albany, New York.

II.    <u>GUIDELINES ANALYSIS</u>

Mr. Staples accepts the offense level computation, the criminal history score, and the resulting Sentencing Guidelines range set forth in the Presentence Investigation Report (hereinafter "PSIR") and addendum to PSIR.

III.    <u>PERSONAL BACKGROUND</u>

Mr. Staples adopts the personal and family data set forth in the PSIR and addendum to PSIR all respects.

1

IV.    SENTENCING FACTORS TO CONSIDER

In 2005, the Supreme Court examined the constitutionality of the Federal

Sentencing Act, specifically 18 U.S.C. §§ 3553 and 3742.  United States v. Booker, 543

U.S. 220 (2005).   The Booker Court held that the mandatory nature of the Sentencing

Guidelines violated the Sixth Amendment to the Constitution, thereby severing

subsection (b)(1) of 18 U.S.C. § 3553, as well as subsection (e) of 18 U.S.C. § 3742. Id.

at 245-46.  The Court further defined a "reasonableness" standard of review for the

imposition of any sentence, and declared the Guidelines advisory.  Furthermore, Booker

held that, while considering the applicable Guideline range, the sentencing court may

also structure the sentence in light of other statutory concerns.  Id.

The sentencing criteria delineated by the Booker Court are as follows:

(1)   the nature and circumstances of the offense, and the history and

characteristics of the defendant;

(2)   the need for the sentence imposed –

(A)   to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most

effective manner;

(3)   the kinds of sentences available;

2

(4)   the kinds of sentence and the sentencing range established for –

A)   the applicable category of offense committed by the applicable

category of defendant as set forth in the guidelines; or

(B)  in the case of a violation of probation or supervised release, the

applicable guidelines or policy statements issued by the Sentencing

Commission pursuant to section 994(a)(3) of title 28, United States

Code, taking into account any amendments made to such

guidelines or Policy statement by act of Congress (regardless of

whether such Amendments have yet to be incorporated by the

Sentencing Commission into amendments issued under section

994(p) of title 28);

(5)   any pertinent policy statement;

(6)   the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct;

(7)   the need to provide restitution to any victims of the offense.  Id. at 268-

70, citing 18 U.S.C.A. § 3553(a).

By holding that the Federal Sentencing Guidelines were merely advisory, the

Booker Court reaffirmed the proposition that a sentencing court may depart from the

applicable guideline range and evaluate each defendant in light of the seven statutory

factors, always mindful that any sentence will be reviewed for its reasonableness.

Included in the post-Booker mandate was the necessity of imposing a sentence

"sufficient, but not greater than necessary, to comply with the purposes set forth" in the

statute. 18 U.S.C.A. § 3553(a).   Furthermore, and well prior to <u>Booker</u>, the Supreme

Court stated that "[i]t has been uniform and constant in the federal judicial tradition for

the sentencing judge to consider every convicted person as an individual and every

case as a unique study in the human failings that sometimes mitigate, sometimes

magnify, the crime and the punishment to ensue." <u>Koon v. United States</u>, 518 U.S. 81,

113 (1996).

V.      DEFENDANT'S RECOMMENDATION

        In light of all the facts and circumstances of the instant matter, it is respectfully

requested that the Court deviate downward from the PSIR-delineated sentencing

guideline range of 1,080 months (90 years) incarceration.  While not specifically stated,

this is a life sentence for which this 38-year old defendant will die in prison long before

he is ever eligible for release.  Such an unduly severe sentence is far greater than

necessary to comply with the sentencing purposes of 18 U.S.C § 3553(a)(2).

        There is no excuse for Mr. Staples' crimes, and he offers none.  However, an

explanation as to why this father of five molested his three child victims is that he was a

child victim himself.  As detailed in the PSIR, MR. Staples was sexually molested at

eight or nine years old by a man who had befriended him in the Boy Scouts.  It can only

be assumed that the trauma suffered at such a young age, combined with an

emotionally abusive and absent mother, informed Mr. Staples' future desires and

actions upon those desires.  It is not a stretch to say that, but for the defendant's own

victimization, he would not have become a victimizer.

4

A-72

Regardless of why Mr. Staples chose to sexually molest his three victims, it does not alleviate the physical, emotional and psychological he caused them.  He fully acknowledges and takes responsibility for his actions.  Like so many who are similarly situated, Mr. Staples was ashamed of his thoughts and conduct while he was engaged in the molestation, but continued nonetheless.

Furthermore, Mr. Staples knows that his possession of internet-obtained child pornography certainly contributed to a world-wide industry of production and the victimization of children past and present.  He knows that he, as both a purveyor and solicitor of child pornography, fed the demand for such images.

While Mr. Staples crimes were heinous and horrific, his actions do not warrant a sentence typically reserved for murderers.  Indeed, if he were charged with murder in federal court, the he would be facing a 24 to 30 year prison sentence.  In its memorandum, the government is calling for a sentence of 90 years.  This is simply excessive and unduly punitive.  Mr. Staples understands and accepts that he will be spending many years in prison, and believes that the same is just in light of his crimes.  He also realizes that, as a result of his crimes, he will be absent from his children's lives except through the limited visitation offered by the federal correctional facility in which he will be housed.  Mr. Staples understands that his victims not only include the three boys he molested and the many children whose images he possessed, but his own children as well, whom he has ostensibly abandoned.

Since his incarceration on the instant matter, Mr. Staples has reestablished his relationship with God.  The bible has become a fixture in his life, and the fellowship that

he has been able to experience with like-believing inmates at the Rensselaer Court Jail

has brought him some comfort and solace in an austere, cold and unfeeling place.  Mr.

Staples wants the Court to know that his faith has helped him to clearly see the depths

of his depravity and how he has continued the cycle of sexual abuse by perpetuating

upon three innocents what had been perpetuated upon him when he was a boy.

On October 14, 2014, Mr. Staples will appear to receive his punishment.  He will

make no excuses or blame anyone but himself.  He will ask the Court for a just and

appropriate punishment.  Most importantly, he will express his deep remorse – not

because he was caught – but because of the profound and lasting affect that his actions

have had on all of his victims, as well as his family.

VI.     CONCLUSION

Mr. Staples respectfully submits that a sentence less than guidelines will serve

the interests of justice, will be "sufficient, but not greater than necessary," and will

assure a just and appropriate result.

Respectfully submitted,

Anderson & Soloski, LLP

Dated:  September 25, 2014          By: /s/ Mark E. Anderson
                                    Mark E. Anderson (Bar Roll # 514430)
                                    Attorneys for the defendant
                                    14 Durkee Street, Suite 420
                                    P.O. Box 2723
                                    Plattsburgh, New York  12901
                                    (518) 562-8383

6

A-74

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date I filed with the Court via CM/ECF the foregoing sentencing memorandum.

Dated:  September 25, 2014                    By: <u>/s/ *Mark E. Anderson*</u>
                                                          Mark E. Anderson

A-75

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

****************************************************

UNITED STATES OF AMERICA,                            *

                              Plaintiff,             *

                    –v–   13–cr–440                  *

RYAN STAPLES,                                        *

                              Defendant.             *

****************************************************


     Transcript of Sentencing regarding the above–referenced

matter, held before the Honorable Thomas J. McAvoy, Senior

United States District Court Judge, at the James T. Foley

United States Courthouse, 445 Broadway, Albany, New York, on

October 14, 2014.


FOR THE GOVERNMENT:

                 OFFICE OF THE UNITED STATES ATTORNEY
                 445 Broadway
                 Albany, New York  12207
                      By:  Katherine E. Kopita, A.U.S.A.

FOR THE DEFENDANT:

                 MARK E. ANDERSON, ESQ.
                 P.O. Box 2723
                 Plattsburgh, New York  12901

———U.S. v STAPLES 13-cr-440———

```
 1          COURT CLERK:  United States of America versus
 2   Ryan Staples, 13-cr-440.  May we have the appearance for
 3   the government.
 4          MS. KOPITA:  Good afternoon, your Honor.  Katie
 5   Kopita for the government.
 6          THE COURT:  Good afternoon, Ms, Kopita.
 7          COURT CLERK:  On behalf of the defendant
 8   please.
 9          MR. ANDERSON:  Good afternoon, your Honor.
10   Mark Anderson on behalf of the defendant.
11          THE COURT:  Good afternoon, Mr. Anderson.  Good
12   afternoon, Mr. Staples.
13          THE DEFENDANT:  Good afternoon, sir.
14          THE COURT:  Gentlemen, want to approach the
15   podium please and get underway.
16          The Court has received and reviewed in this
17   case the presentence investigation report prepared by the
18   probation department, the government's sentencing
19   memorandum and the defense's sentencing memorandum as
20   well as the plea agreement and I would ask you, Mr.
21   Anderson, do you find any factual errors in the
22   presentence report in this case?
23          MR. ANDERSON:  No, your Honor, other than those
24   that were submitted prior to the final report being --
25   being filed with the Court.
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1          THE COURT:  Yes.  You indicated that the

2    changes that were made cleared up the problems that were

3    there.  Okay.

4          MR. ANDERSON:  That's correct, your Honor.

5          THE COURT:  Okay.  How about you, Mr. Staples?

6          THE DEFENDANT:  What was the question, your

7    Honor.

8          THE COURT:  The question is did you find

9    anything that was factually inaccurate in the report?

10          THE DEFENDANT:  Nothing of merit, sir.

11          THE COURT:  All right.  Ms. Kopita?

12          MS. KOPITA:  No, your Honor.

13          THE COURT:  Court will adopt the factual

14    content of the report by a preponderance of the evidence.

15    All right.

16          Mr. Anderson, what you would like to say on

17    behalf of Mr. Staples before I sentence him?

18          MR. ANDERSON:  Your Honor, I would rely upon my

19    previous submissions in the sentencing memorandum.  I

20    note Mr. Staples would like to address the Court.

21          THE COURT:  All right.  We will ask Ms. Kopita

22    first if she would like to say anything.

23          MS. KOPITA:  Yes, your Honor.  Thank you.  Your

24    Honor, as indicated in the government's sentencing memo,

25    the government is requesting the guideline sentence of

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1    1,080 months imprisonment.  Here the defendant's conduct
2    is horrific.  He molested and raped three victims, he
3    took pictures of that conduct, he videotaped that conduct
4    and he did that for his own gratification later on when
5    he watched those videos.
6            The defendant posted at least one pornographic
7    image of one of the victims on a photo-sharing website
8    which is described in the reports.  The defendant still
9    refuses to accept full responsibility for what he did.
10   He denies engaging in anal sex with one of the victims
11   despite clear evidence to the contrary, your Honor.
12           Should the Court have any questions about that,
13   we do have agents here today and we can introduce that
14   evidence if needed.
15           THE COURT:  No, I don't think I have any
16   question about that.
17           MS. KOPITA:  Your Honor, based on all the facts
18   of this case, the defendant's conduct warrants a
19   guideline sentence.  As the Court is aware, he scored
20   well above level 43.  So the government would ask the
21   Court impose a guideline sentence.
22           THE COURT:  All right.  Mr. Staples, would you
23   like to speak to me before I sentence you?
24           THE DEFENDANT:  Please, your Honor.
25           THE COURT:  If you read something, if you can

U.S. v STAPLES 13-cr-440

1  read it slowly so the stenographer can catch everything.

2          THE DEFENDANT:  Yes, sir.  I will try to.

3  Honorable Judge McAvoy, please permit me an opportunity

4  to speak to you from my heart.  I understand you will be

5  provided information from the PSI that will weigh your

6  decision on sentencing.

7          First off, I accept full responsibility for the

8  heinous crimes I have committed.  Having experienced

9  emotional scars firsthand, I cannot understand why I

10 allowed myself to ruin innocent victims' lives.  They

11 didn't ask for this and certainly did not deserve it.  I

12 would do anything to change the course of my actions that

13 I have taken, not because of getting caught but because

14 of the unnecessary pain, agony and embarrassment that I

15 have caused everyone I hold dear and most of them

16 innocent victims.

17         I can only offer my deepest apologies to the

18 strife that I have caused and pray that one day they will

19 forgive my actions.  These actions are something I don't

20 know if I can ever forgive myself for committing.  This

21 experience has afforded me the opportunity over the

22 course of time to reflect on just how egregious my

23 behaviors have become and just how much my activities

24 affected everyone, not to mention contributing to the

25 perpetual cycle of this string of online predators and

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1   for this, too, I hold a heavy burden of heart with
2   remorse.
3          Contrary to what heinous crimes I have
4   committed, there is a decent person in me as well.  I'm
5   grateful that I have been blessed with the individuals
6   that still love and care for me.  Please allow me to
7   explain where I am today, take it for what it's worth but
8   it holds profound reason for me and has helped me to
9   transform who I am because of who I was.  Please know I
10  do not throw my blame on a supernatural force; this is my
11  belief.  I committed these acts.  I allowed it to happen.
12         This time, especially here in Albany, has
13  granted me the chance to go to a relationship with God,
14  one I never had like this before.  When I was younger I
15  would attend church and do what I was supposed to do.  I
16  learned the word, more or less understood it but never
17  took it to heart.  Your Honor, my new relationship with
18  God has afforded me the opportunity to change through
19  God's son Christ Jesus.  They have changed my heart, my
20  mind, my outlook and what I have -- and what I have the
21  capability to try to explain -- I'm sorry.  Beyond what I
22  have a capability to try to explain.
23         I don't know if you are a religious man or not,
24  but I know that God deserves kindness and has accepted my
25  remorse to heart.  Please understand I must be held

                Lisa L. Tennyson, CSR, RMR, FCRR
                UNITED STATES DISTRICT COURT - NDNY

1  responsible for my actions and rightly so.  I also know
2  that I can no longer contain the sinful or immoral
3  thoughts I have learned and I learned to be completely
4  repented before the eyes of God.  I must never go back to
5  what I was.  Matthew 12:43, evil spirt continues to clean
6  home and find seven more joys to making it worse.  I
7  can't allow that.  Not so much what could occur, but I
8  cannot afford the thought of hurting God once again.
9          I've gained so much ground spiritually since
10  I've been locked up and I have a relationship with the
11  creator that I must cherish.  If you believe in a higher
12  power of God, you must be aware of what God can
13  accomplish through this Holy Spirit for the good.  I must
14  be held accountable for what I have done but, sir, I do
15  ask respectfully to please allow me to have hope for the
16  future.  Please be merciful on your sentencing and still
17  hold to the idea this is an opportunity for me to change,
18  to become a servant of God, get my seminary degree, go
19  through all the classes and counseling I can and change
20  myself for the better, leave what I was behind and
21  looking forward with a new heart and mind.  Philippians
22  12:13 reads:  I have not reached my goal and I am not
23  perfect but Christ has taken a hold of me so I keep on
24  running and struggling to take hold of the pride.
25          My friends, I don't feel that I have already

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

—— U.S. v STAPLES 13-cr-440 ——

1 arrived but I have already forgotten what is behind and I
2 will struggle for what's ahead.  I know I have still -- I
3 know I still have a lot more self-improvement.  I have
4 taken it upon myself to attend AA and NA, not to mention
5 as many Bible studies as I can.  I even successfully
6 helped organize a study here in the jail on Monday
7 mornings with my pastor for the whole jail to attend,
8 something that didn't happen before.
9            This stem -- this stems from the interest of
10 ones that attended from the daily study group that I run
11 in the unit.  I'm truly blessed God can use me to share
12 in his word even in the circumstances.  Planting seeds
13 has been a rewarding experience and this has allowed me
14 to continue to draw close to God.  James 4:8 reads:
15 Surrender yourself to God, resist the devil and he will
16 run from you.  Come near to God, he will come near to
17 you.
18            Unfortunately, I have allowed myself to follow
19 away from God over the last ten or so years, becoming
20 enthralled in Satan's system of things, allowing sinful
21 desires and thoughts to take root and germinate.  I tried
22 before to change my -- change on my own with some success
23 but I see now it was something I could not do by myself.
24 I was missing God and through him anything is possible.
25 God has blessed me with already answering my prayers.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

```
1    Jeremiah 29:12.  You will turn back to me and I will ask
2    for help and he will answer my prayers.  Turning back to
3    God is -- I received the forgiveness and support of my
4    wife and with regular correspondence with my children,
5    not to mention many more blessings.  First Peter 3:11-12
6    says:  Give up your evil ways and do what's right, follow
7    and find the road that leads to peace.  The Lord watches
8    over everyone who obeys him and listens to their prayers
9    but he opposes evil.
10          Religion can have a life-changing effect on
11   people.  A person who willfully accepts God and Jesus can
12   become someone completely different.  Romans 7:19 reads:
13   Instead of doing what I know is right, I do wrong.  I
14   know what's right and I'm not the one doing these things,
15   the sin lives in me that does them.
16          I do understand I committed these atrocities.
17   I allowed my relationship with God to slip, perhaps this
18   would not have occurred if I had a strong Christian heart
19   but I know I must atone for my acts I have done and
20   committed.  I draw a bit of comfort in the fact that
21   through Christ Jesus and his sacrifice for us washed us
22   of sin and made us clean.  Granting me a newfound peace
23   in my heart and mind with God.  Something I never had.
24          I regret deeply this happened and involved
25   innocent victims and pain of my loved ones.  I only --
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1   the only thing I can do now is live for God, remain his

2   faithful servant, never looking back at my past sins with

3   approval but with disdain.

4           Your Honor, I respectfully ask that you please

5   provide me resources to help, counseling, classes,

6   programs to understand better why I did what I did and

7   help me to put that part of my life to rest.  Please look

8   beyond the monstrous acts that occurred, for there is a

9   good person in there too.  I tried to walk away from that

10  life before I got caught.  Our business was one of

11  enjoyment and pride for my family and not nefarious

12  entity that it may be painted as.  In most aspects, I'm

13  glad that I am being held accountable for this, outside

14  of missing out on my wife and my children.  This provided

15  me with a blessing I would not have had otherwise and

16  that's why -- and that's the forgiving part -- that's the

17  forgiving arm of God and re-establishing a relationship

18  with me.

19          I do wish that I had -- I do wish that it did

20  not have to come about like this.  Please be merciful on

21  your sentence, your Honor.  Provide me a hope to see my

22  family again outside of bars.  Please provide me a chance

23  to change from this and prove that I can join society as

24  productive member.  I know you have responsibilities to

25  citizens, judicial system and at the same to be fair.  I

11

U.S. v STAPLES 13-cr-440

1   am willing to agree to whatever terms and conditions you
2   wish to impose for a lesser sentence.  Even King
3   Manasseh, a horrible a man he was, was found was -- was
4   able to find God's favor again.  It took him to go to
5   prison before his eyes were opened to the sins of crimes
6   he committed but he had changed and found God's grace
7   again.
8           Please allow me to change and have a hope to
9   see my loved ones again.  Second Chronicle 33 1 through
10  16.  Please take this letter to heart.  Provide me a
11  chance -- provide me a chance that through God anyone can
12  change.  Thank you, your Honor.
13          THE COURT:  Welcome.  All right.  Mr. Anderson,
14  do you know of any reason I shouldn't sentence your
15  client at this time?
16          MR. ANDERSON:  Yes, your Honor (sic).
17          THE COURT:  Any reason, Mr. Staples, I
18  shouldn't sentence you now?
19          THE DEFENDANT:  No, your Honor.
20          THE COURT:  You know, I could sit here and use
21  a lot of adjectives to describe the behavior you indulged
22  in, how you demonized your victims and I understand you
23  have a hope of someday of reuniting with your family.
24  The problem with this case is that I have had a lot of
25  experience with people who have been victimized by

```
 1    conduct, maybe not quite as heinous as yours but they're
 2    close and it really ruins those people involved, those
 3    young men.  Their lives are full of uncertainty and I
 4    believe probably will be full of pain and no one can
 5    relieve them of that pain.  They're going to have to go
 6    through that and I think that's really at the bottom of
 7    the terribleness of what your conduct caused.
 8              And the Court thinks that even though I -- in
 9    your own mind right now and probably in your heart as
10    well, you believe that you have come to find your Creator
11    and that you established a relationship with him.  That's
12    a good thing; that's a thing I encourage you to keep up
13    with.  I think that only good can come from that but I'm
14    afraid it isn't going to do an awful lot to help those
15    people you victimized.
16              So, without going into a lot of details, the
17    Court is going to indicate that along with the documents
18    that have already memorialized on the record by
19    articulating what I read, I also considered all of the
20    factors that are set forth in 18 U.S. Code, Section 3553(a)
21    and have examined the guideline manual in connection with
22    this matter and the Court finds your total offense level
23    is a 43, your criminal history category is a one, and
24    your guideline imprisonment range is life.  However, the
25    statutorily-authorized maximum sentences are less than
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   the maximum of the applicable guideline range; therefore,
2   the guideline range is 1,080 months, pursuant to Section
3   5G1.2B of the sentencing guidelines.
4          So upon your plea of guilty to counts one, two
5   and three of the indictment, it's the judgment of this
6   Court that you are hereby committed to the custody of the
7   Bureau of Prisons for a period of 360 months on each of
8   counts one, two and three, counts to run consecutively,
9   for a total term of imprisonment of 1,080 months.
10          The Court recommends that you participate in
11  sex offender and substance abuse treatment while you are
12  with the Bureau of Prisons.  Upon release from
13  imprisonment you will be placed on supervised release for
14  a term of life on each, counts one, two and three, the
15  terms to run concurrently.
16          Based upon the nature and circumstances of your
17  offense and history and characteristics, the Court finds
18  a sentence of 1,080 months, followed by a lifetime term
19  of supervised release, is sufficient but not greater than
20  necessary to reflect the seriousness of the offense,
21  promote respect for law, provides just punishment for the
22  offense, afford adequate deterrence to criminal conduct
23  and protect the public from further crimes by you.
24  Specifically, the Court notes that you sexually abused
25  multiple minor males, including two of your own family

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   members, as well as another victim who was in the custody

2   and care of you, produced pornographic images of such

3   conduct and posted images of child pornography and

4   erotica of the victims on the Internet.  There are no

5   mitigating factors in this case which would warrant a

6   sentence outside of the guideline range.

7         While on supervised release, you shall not

8   commit another federal, state or local crime and shall

9   comply with the standard conditions that have been

10  adopted by this Court and the following special

11  conditions which the Court finds are necessary and

12  justified in this case, based on the nature of the

13  instant offense as well as your history and

14  characteristics as outlined in detail in the pre-sentence

15  reports.

16        You shall contribute to the cost of any

17  evaluation, testing, treatment and/or monitoring services

18  rendered in an amount to be determined by the probation

19  officer based on your ability to pay and the availability

20  of third-party payments.

21        You shall not have any direct contact with a

22  person under the age of 18 unless it's supervised by a

23  person approved of by the probation officer.  You shall

24  not have any indirect contact with a person under the age

25  of 18 through another person or through a device,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1   including a telephone, computer, radio or other means

2   unless it is supervised by a person approved of by the

3   probation officer.

4        You shall reasonably avoid and remove yourself

5   from situations in which you have any other form of

6   contact with a minor.  You shall not be in any area in

7   which persons under the age of 18 are likely to

8   congregate, such as school grounds, childcare centers or

9   playgrounds without the permission of the probation

10  officer.

11       You shall not have any direct or indirect

12  contact with victim one, victim two or victim three.  You

13  shall register with the state sex offender registry

14  agency in any state where you reside or employed, carry

15  on a vocation or a student.

16       You shall participate in a mental health

17  program which will include but not be limited to

18  participation and treatment program for sexual disorders.

19  The program shall be approved by the United States

20  Probation Office.

21       Your supervision may include examinations using

22  a polygraph, computerized voice stress analyzer or other

23  similar device to obtain information necessary for

24  supervision, case monitoring and treatment.  You shall

25  answer the questions posed during the examination,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

U.S. v STAPLES 13-cr-440

1    subject to your right to challenge in a court of law the
2    use of such statements as violation of your Fifth
3    Amendment right and, in this regard, you shall be deemed
4    to have not waived your Fifth Amendment right.  The
5    result of any examination shall be disclosed to the U.S.
6    Probation Office and the Court but shall not be further
7    disclosed without approval by the Court.
8              You shall not use or possess any computer or
9    any Internet-capable device unless you participate in the
10   computer and Internet monitoring program or unless
11   authorized by the Court or the United States Probation
12   Office.  If placed in the computer and Internet
13   monitoring program, you will comply with all the rules of
14   the program and pay the costs associated with the
15   program.  U.S. Probation Office may use and/or install
16   any hardware or software system that is needed to monitor
17   your use of a computer or Internet-capable device.
18             You shall permit the U.S. Probation Office to
19   conduct periodic, unannounced examinations of any
20   computer or equipment, including any data storage device,
21   any Internet-capable device you use or possess.  This
22   equipment may be removed to the U.S. Probation Office or
23   the office of their designee for a more thorough
24   examination.
25             You may be limited to possessing one personal

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   Internet-capable device to facilitate the U.S. Probation

2   Office's ability to effectively monitor your

3   Internet-related activities.  If your employment requires

4   use of a computer, you may use a computer in connection

5   with the employment approved by the probation officer at

6   your place of employment, provided you notify your

7   employer of the nature of your conviction and the fact

8   that your conviction was facilitated by the use of a

9   computer.  The probation office must confirm your

10  compliance with this notification requirement.

11          While in treatment and for the remainder of the

12  term of supervision following completion of treatment,

13  you shall not view, possess, own, subscribe to or

14  purchase any material including pictures, video, text,

15  including pictures, videotapes, films, magazines, books,

16  telephone services, electronic media, computer programs

17  or computer services that depict sexually-explicit

18  conduct as defined in 18 U.S. Code, Section 2256 sub 2.

19          You shall participate in a program for

20  substance abuse which shall include testing for use of

21  controlled substances, controlled substance analogs and

22  alcohol and may include inpatient and/or outpatient

23  treatment.  Program shall be approved by the United

24  States Probation Office.  You shall refrain from the use

25  of alcohol and be subject to alcohol testing and

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT – NDNY

U.S. v STAPLES 13-cr-440

1    treatment while under supervision.

2            The Court finds, based on your financial
3    resources, projected earnings and other income, as well
4    as your obligations, that you do not have the ability to
5    pay a fine but you must pay the clerk of the Court a
6    special assessment of $300, which is due and payable
7    immediately.

8            You shall consent to an entry of forfeiture of
9    the items contained in the preliminary order of
10   forfeiture.

11           Both you and the government have the right to
12   appeal this sentence on certain -- under certain limited
13   circumstances but you should be advised to consult with
14   your attorney to determine whether an appeal is
15   warranted.  Any appeal that you take must be filed within
16   14 days of the judgment in this case.  Now, you have
17   already waived your right to appeal any sentence of 90
18   years or less.  In all likelihood but not certain, the
19   Court of Appeals will uphold the validity of that waiver.
20   So you're remanded to the custody of the U.S. Marshal in
21   accordance with the terms of this sentence.

22           Ms. Kopita, did you want to make a motion?

23           MS. KOPITA:  Yes, your Honor.  The government
24   moves to dismiss count four of the indictment.

25           THE COURT:  The motion is granted and count

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

19

1   four is dismissed.  Well, I hope you find some peace with
2   yourself and with your religious beliefs and you do the
3   best you can in connection with this.  Court stands
4   adjourns in this matter.
5           (Whereupon, proceeding concluded)
6              * * * * * * * * * * *
7
8
9           C E R T I F I C A T I O N
10
11
12      I, Lisa L. Tennyson, RMR, CSR, CRR, Official Court
13   Reporter in and for the United States District Court for
14   the Northern District of New York, hereby certify that
15   the foregoing 18 pages of testimony taken by me to be a
16   true and complete computer-aided transcript to the best
17   of my ability.
18
19   _____
20           Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.
21
22
23
24
25


              Lisa L. Tennyson, CSR, RMR, FCRR
           UNITED STATES DISTRICT COURT - NDNY

AO 245B   NNY(Rev. 09/12) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| Northern | District of | New York |
|---|---|---|

UNITED STATES OF AMERICA
**V.**

Ryan Staples

**JUDGMENT IN A CRIMINAL CASE**

| Case Number: | DNYN813CR000440-001 |
|---|---|
| USM Number: | 21012-052 |

Mark E. Anderson , Esq., P.O. Box 2723,
Plattsburgh, NY  12901     (518) 562-8383
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   1, 2 & 3 of the four-count Indictment on May 1, 2014

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a)&(e) | Production of Child Pornography | 10/2010 | 1, 2 & 3 |
| 18 U.S.C. § 2253 | Forfeiture Allegation | | |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed in accordance
with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s)

X Count(s)      4                     X is     ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 14, 2014
Date of Imposition of Judgment


Thomas J. McAvoy
Senior, U.S. District Judge


October 22, 2014
Date

ABR

AO 245B     NNY(Rev. 10/05) Judgment in a Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT:            Ryan Staples
CASE NUMBER:         DNYN813CR000440-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**360 months on each of Counts 1, 2, and 3, with such counts to run consecutively.  Total  total term of imprisonment is 1,080 months (90 years).**

X     The court makes the following recommendations to the Bureau of Prisons:

     **The defendant participate in sex offender treatment and substance abuse treatment while incarcerated.**

X     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 8:13-cr-00440-TJM Document 27 Filed 05/22/14 Page 3 of 6

AO 245B    NNY(Rev. 10/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:        Ryan Staples
CASE NUMBER:      DNYN813CR000440-001

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Life on each of counts 1, 2 and 3, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

x    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

x    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, import, or manufacture any and all controlled substance and all controlled substance analogues, as defined in 21 U.S.C. § 802, and any paraphernalia related to any controlled substances, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14)  the defendant shall not possess a firearm, destructive device, or any other dangerous weapon;

15)  the defendant shall provide the probation officer with access to any requested financial information; and

16)  the defendant shall submit his person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the defendant. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

AO 245B    NNY(Rev. 10/2011) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:      Ryan Staples
CASE NUMBER:    DNYN813CR000440-001

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on the defendant's ability to pay and the availability of third party payments.

2.  The defendant shall refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision.

3.  The defendant shall not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by the probation officer. The defendant shall not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by the probation officer. The defendant shall reasonably avoid and remove himself or herself from situations in which the defendant has any other form of contact with a minor.

4.  The defendant shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds, without the permission of the probation officer.

5.  The defendant shall not have any direct or indirect contact with Victim 1, Victim 2, and Victim 3.

6.  The defendant shall register with the state sex offender registry agency in any state where the defendant resides, is employed, carries on a vocation or is a student.

7.  The defendant shall participate in a mental health program, which will include, but will not be limited to, participation in a treatment program for sexual disorders. The program shall be approved by the United States Probation Office.

8.  The defendant shall not use or possess any computer or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. If placed in the CIMP the defendant will comply with all of the rules of the program and pay the costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. The defendant shall permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device the defendant uses or possesses. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to facilitate the U.S. Probation Office's ability to effectively monitor his or her internet related activities.

9.  If the defendant's employment requires the use of a computer, the defendant may use a computer in connection with the employment approved by the probation officer, at the defendant's place of employment, provided the defendant notifies his or her employer of: (1) the nature of his or her conviction; and (2) the fact that the defendant's conviction was facilitated by the use of the computer. The Probation Office must confirm the defendant's compliance with this notification requirement.

10. While in treatment and for the remainder of the term of supervision following completion of treatment, the defendant shall not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

11. The defendant's supervision may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. The defendant shall answer the questions posed during the examination, subject to his or her right to challenge in a court of law the use of such statements as violations of his or her Fifth Amendment rights. In this regard, the defendant shall be deemed to have not waived his or her Fifth Amendment rights. The results of any examinations shall be disclosed to the United States Probation Office and the Court, but shall not be further disclosed without the approval of the Court.

12. The defendant shall participate in a program for substance abuse which shall include testing for use of controlled substances, controlled substance analogues, and alcohol, and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant                                 Date

_____          _____
U.S. Probation Officer/Designated Witness Date

**A-98**

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of    6

DEFENDANT:               Ryan Staples
CASE NUMBER:             DNYN813CR000440-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $  300.00 | $  0 | $  0 |

☐   The determination of restitution is deferred _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| **TOTALS** | $ _____ | $ _____ |
|------------|-------------------|-------------------|

☐   Restitution amount ordered pursuant to plea agreement _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

     ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**A-99**

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:    Ryan Staples
CASE NUMBER:    DNYN813CR000440-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   X   In full immediately; or

**B**   ☐   Lump sum payment of $ _____ due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance with ☐ D,   ☐ E,   ☐ F, or   ☐ G below; or

**C**   ☐   Payment to begin immediately (may be combined with ☐ D,   ☐ E, or   ☐ G below); or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**F**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Clerk, U.S. District Court, Federal Bldg., 100 S. Clinton Street, P.O. Box 7367, Syracuse, N.Y. 13261-7367**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     ☐   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     ☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

     **The property outlined in the Preliminary Order of Forfeiture.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**A-100**

Criminal Notice of Appeal - Form A

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

# NOTICE OF APPEAL

### United States District Court

OCT 2 3 2014

LAWRENCE K. BAERMAN, CLERK
ALBANY

Northern _____ District of New York _____

Caption:

United States of America _____ v.

Ryan Staples _____

Docket No.: 8:13-cr-440 _____

Thomas J. McAvoy _____
(District Court Judge)

Notice is hereby given that Ryan Staples _____ appeals to the United States Court of

Appeals for the Second Circuit from the judgment ✔ , other | _____

(specify)

entered in this action on 10/14/14 _____
(date)

This appeal concerns: Conviction only |     Sentence only | ✔     Conviction & Sentence |     Other [____

Defendant found guilty by plea | ✔   trial |     N/A | .

Offense occurred after November 1, 1987?  Yes | ✔   No |     N/A |

Date of sentence: 10/14/14 _____     N/A |____

Bail/Jail Disposition: Committed | ✔   Not committed |     N/A |

Appellant is represented by counsel?  Yes |     | No | ✔    If yes, provide the following information:

Defendant's Counsel: _____

Counsel's Address: _____

_____

Counsel's Phone: _____

Assistant U.S. Attorney: _____

AUSA's Address: _____

_____

AUSA's Phone: _____

_____
Signature